Mr. Chief Justice Si-iarkev
delivered the opinion of the court. It appears, by the declaration, that one Joseph -Riddle, Jun., became the maker of a promissory note, payable to the plaintiff in' error, who endorsed it to a third person, who also endorsed it, and by a thud endorser it was transferred to the maker, Joseph Riddle, Jun., who endorsed it to the Planters’ Bank.
‘We can only know this transaction as it is set out in the pleadings, and, as there set out, it cannot be distinguished from an ordinary business transaction, in which one person is the maker of a note, which passes through the hands of several others, in a fair course of trade, until it gets back to the maker. It is a general principle that, when a negotiable note gets back to the hands of *728 the maker after having been negotiated, its negotiable character ceases. He cannot again put it out so as to bind the endorsers. As to them it is considered as paid and then contract fulfilled. The understanding of an endorser is to pay if the maker does not; and when the note is taken up by the maker, the endorsers are discharged. This transaction might have been susceptible of such an explanation as would probably have bound the endorsers.
But admitting that the case shown by the report -would entitle the endorser to exemption from liability, may he not have waived his privilege ? We apprehend he has. He suffered judgment by default to be taken against him, and thereby admitted a cause of action. He should have made his defence by demurrer or plea, and having failed to do so he cannot now gainsay the judgment.
It is also assigned as error that judgment was rendered without a sufficient service of process. The return on the process is in these words: “Executed by copy, 4th October, 1836, S. M. Flur-noy, Shff., by 1.1. Henry, his special deputy.” This must be understood to mean a service by delivery of a copy to the defendant, and as such is sufficient.
The judgment must be affirmed.