[No. 3565. Decided June 30, 1900.]

R. G. TRUMBULL, *Respondent,* v. SCHOOL DISTRICT No. 7, CLALLAM COUNTY, WASHINGTON, *Appellant.*

APPEAL—AMOUNT IN CONTROVERSY.

The provision of art. 4, § 4, of the constitution, limiting the appellate jurisdiction of the supreme court in civil actions to cases where the original amount in controversy does not exceed the sum of $200, applies to the amount sued for, and not to the judgment rendered.

DIRECTING VERDICT FOR NOMINAL DAMAGES—DUTY OF JURY.

Where, under the evidence, an instruction by the court to find a verdict for plaintiff for nominal damages was proper, a verdict by the jury in the sum of twenty-six dollars was erroneous, after the court had charged them that by nominal damages was meant any unsubstantial sum, as one dollar.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge.

*George C. Hatch,* for appellant.

*Harry Ballinger* and *Trumbull & Trumbull,* for respondent.

The opinion of the court was delivered by

WHITE, J.—Respondent commenced this cause in the court below to recover from appellant damages in the sum of $1,305, for breach of contract to teach the schools for school years 1896-7 and 1897-8. Appellant's defense consisted of two affirmative defenses, to-wit: First, that respondent had during the life of the contract sought and obtained other like employment; second, that when the contract was made and broken, and during its entire life, appellant had reached its limit of indebtedness. The case was tried before a jury. At the close of the testimony appellant moved the court to withdraw the case from the jury and to direct a judgment for the appellant. This motion was overruled. The court then, on its own motion, instructed the jury to find a verdict for the respondent for nominal damages, stating that by nominal damages was meant any unsubstantial sum, as one dollar. The jury returned a verdict for $26. Appellant objected to receiving the verdict, on the ground that the amount found was not nominal damages. The court overruled the objection and received the verdict. Appellant moved for a new trial. The motion was overruled, and judgment was entered for respondent for $26. Respondent acquiesced in the decision of the court and instituted no cross appeal.

There can be no question but that there was a breach of the contract of employment, entitling the respondent to nominal damages, at least. To defeat a recovery, the

second defense must be made good by appellant. The respondent moves to dismiss the appeal for want of jurisdiction in this court to hear the same, inasmuch as the amount *now* in controversy is less than $200. The amount originally in controversy was $1,305. This case falls squarely within the rule laid down by this court in *Bleecker v. Satsop R. R. Co.*, 3 Wash. 77 (27 Pac. 1073). The motion to dismiss the appeal is not well taken and will be overruled.

The appellant claims that $26 is not nominal damages. We think that $26 is compensatory, and not nominal, damages. Whether it is or not, it was the duty of the jury to obey the instructions of the court in finding their verdict. The court instructed the jury as follows:

" You are instructed to find a verdict for plaintiff for nominal damages. By nominal damages the court means any unsubstantial sum, as one dollar."

Under this instruction it was the duty of the jury to return a verdict in favor of the respondent for one dollar or less.

The court was very liberal in allowing the appellant to amend its answer while the case was on trial, two amended answers having been filed. When the last answer was filed, the respondent announced that he stood on the reply already filed, and the court must have treated the second amended answer as if a reply had been interposed thereto; for it allowed the appellant to introduce testimony in support of the second defense, and the respondent to cross-examine the witness giving such testimony. We are not satisfied that the evidence supported the appellant's second affirmative defense, and the court below must have taken this view when it instructed the jury to return a verdict for nominal damages.

The judgment entered by the court in this case is so modified that it shall be for one dollar and no more, and as so modified it is affirmed, the appellant to recover its costs in this court.

DUNBAR, C. J., and ANDERS, REAVIS and FULLERTON, JJ., concur.