[No. 3710.   Decided August 30, 1901.]

FRED E. FERGUSON, *Respondent,* v. J. HOSHI, *Appellant.*

UNLAWFUL DETAINER — NOTICE TO QUIT — SUFFICIENCY.

Under Bal. Code, § 5527, authorizing an action of unlawful detainer, where notice to quit has been served upon a tenant "more than twenty days prior" to the end of the month or period for which rent was reserved, it is sufficient to give twenty days' notice prior to the end of the month or period, excluding the day of service.

JUDGMENT BY DEFAULT — REVIEW ON APPEAL.

Judgment by default for not answering within the time prescribed by rules of court after the overruling of a demurrer to the complaint will not be disturbed on appeal, when there is nothing in the record showing that defendant was entitled to an extension of time for answering.

SAME — DAMAGES RECOVERABLE.

Upon a judgment by default, without the introduction of proof, plaintiff is entitled merely to nominal damages instead of the amount prayed for in his complaint.

Appeal from Superior Court, King County.—Hon. Frank T. Reid, Judge. Modified.

*Fred H. Peterson,* for appellant.

*Richard Gowan,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Action for unlawful detainer. A general demurrer was interposed to the complaint. The contention that more than twenty days' notice to quit could not be included within the days mentioned in the complaint was determined adversely to appellant in the case of *McGinnis v. Genss, ante,* p. 490 (65 Pac. 755). The demurrer was overruled on the 28th of April, 1900, and an exception noted, and on May the 6th following, judgment by default was entered in favor of plaintiff, granting restitution of the premises involved, and for double damages in the sum alleged in the complaint. Error is assigned by appellant on the order entering judgment of default, on the ground that the 30th of April, two days after the overruling of the demurrer, a written demand was served upon the attorney for respondent, requesting that a copy of the notice to quit be served upon attorney for appellant, and that such demand was filed in court, and that under the rules of the superior court of King county, and § 4930, Bal. Code, the time for answer was enlarged be-

yond May 6th, when the judgment was entered. An examination of the transcript shows the overruling of the demurrer, and the demand made on the 30th of April for a copy of the notice to quit, but the record is silent as to a refusal to furnish the notice, or as to whether extended time to answer was requested of the superior court. Upon the record, error cannot be presumed against the judgment. But it does appear that the court entered judgment for damages in the sum of one hundred and fifty dollars, reciting that the amount was twice that alleged in the complaint, and without hearing evidence upon the assessment of the damages. Exception was duly taken to that part of the judgment awarding the damages. It seems clear that the assessment of damages must be made upon proof. Bal Code, § 5090. The amount of damages is not confesssed by default or failure to answer. See, also, 1 Sutherland, Damages (2d ed., 907-913), *pp. 773-8; *Slater v. Skirving,* 51 Neb. 108 (70 N. W. 493, 66 Am. St. Rep. 444). The judgment upon default, granted by the court, entitled the plaintiff to recover the possession of the premises, and to nominal damages only, which is one dollar or less. Following the practice pursued in *Trumbull v. School District,* 22 Wash. 631 (61 Pac. 714), the judgment in this cause is modified to be for damages in the sum of one dollar, and, as so modified, it is affirmed; appellant to recover the costs of appeal.

DUNBAR, WHITE and FULLERTON, JJ., concur.