[No. 3843.  Decided March 15, 1902.]

.J. H. NORRIS *et ux., Respondents,* v. W. G. CAMPBELL
*et ux., Appellants.*

VACATION OF JUDGMENT — NOTICE OF APPEAL — SUFFICIENCY FOR
REVIEW OF ORIGINAL JUDGMENT.

Notice of appeal which recites that it is "from an order, de-
·cree, and judgment  .  .  . refusing to vacate and set aside
the judgment rendered and entered herein, and for refusing to
grant a new trial, and from each and every part thereof.  Such
judgment having been rendered and entered Sept. 13, 1900, andJ
·Sept. 17, 1900, and the motion for new trial overruled Sept. 17,
1900," is sufficient only for the review of the action of the court
·in refusing to vacate the original judgment; and does not bring up
for review the orders made by the court prior to such original
.judgment.

PARTIES — RIGHT TO NOTICE OF PROCEEDINGS — EFFECT OF DEFAULT.

Bal. Code, § 4886, which provides that defendant, after ap-
pearance in an action, is entitled to notice of all subsequent pro-
ceedings, is not applicable where defendant has been adjudged ·
to be in default, and hence notice of proceedings subsequent to
·default is unnecessary.

Appeal from Superior Court, Thurston County.—Hon.
·OLIVER V. LINN, Judge.  Affirmed.

*Phil. Skillman,* for appellants.

*Charles D. King (Vance & Mitchell,* of counsel), for
·respondents.

PER CURIAM.—This is an action to recover the pos-
session of real property under the statute of forcible entry
and detainer.  To the complaint of the respondents the
appellants answered, putting in issue certain of its allega-
tions and pleading affirmative matter in defense.  The
respondents moved to make the answer more definite and
·certain, which motion the court granted after notice and

hearing. No amended answer was filed within the time fixed by the court, whereupon the respondents moved for default. This motion was also granted, after notice and hearing, and the court afterwards, on respondents' motion, without notice to appellants, entered judgment according to the prayer of the complaint. The appellants thereafter moved for a vacation of the judgment and for a new trial, setting up various grounds, among which was the ground that no notice of the entry of the judgment had been served upon them. On the hearing the court modified the judgment by striking out certain parts, leaving it stand as a judgment for the possession of the property and for costs. Thereupon the appellants gave notice of appeal as follows:

"Please take notice that the defts. hereby appeal to the supreme court of the state of Washington from an order, decree, and judgment of this court in the said cause refusing to vacate and set aside the judgment rendered and entered herein, and for refusing to grant a new trial, and from each and every part thereof. Such judgment having been rendered and entered Sept. 13, 1900, and Sept. 17, 1900, and the motion for new trial overruled Sept. 17, 1900."

It is contended that this is an appeal from the judgment, and brings up for review the various orders made by the trial court prior to and leading up to judgment. But, clearly, it is not an appeal from the judgment. It is but an appeal from the order of the court refusing to vacate the judgment, and brings here for review only the correctness of that order. On this branch of the case one question is presented,—did the court err in entering judgment without notice to the appellants? The claim of error is founded upon that section of the statute (§ 4886, Ballinger's) which provides that a defendant, after an appearance

in an action, is entitled to notice of all subsequent proceedings. While a literal reading of this section would sustain the contention made, it is evident that it only applies to a defendant who is still in the case and who is entitled to be heard, and can have no application where the defendant has been adjudged on hearing to be in default. After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of such proceedings to be served upon him. See *Mendenhall v. Kratz*, 14 Wash. 453 (44 Pac. 872).

Affirmed.