[No. 4962.  Decided April 28, 1905.]

P. WALLERICH, *Respondent,* v. PUGET SOUND WAREHOUSE COMPANY, *Appellant.*[1]

NEW TRIAL—VERDICT—TECHNICAL DISOBEDIENCE OF INSTRUCTIONS—INTENT OF JURY CLEAR—REPLEVIN—ISSUE AS TO SALE OF WHEAT.  In an action of replevin for wheat or its value, claimed by the defendant to have been sold to it, in which the defendant tendered the agreed price, the only issue being whether the wheat was sold or merely stored, and in which the court instructed the jury that they must find a verdict for the plaintiff, for the value if there was no sale, and for the price if there was a sale, it is not ground for a new trial that the jury returned a general verdict for the defendant, with special findings showing the tender by the defendant; since the verdict is only a technical disobedience of the instructions, and it is clear that the jury found that the wheat was sold; and the court should have entered judgment for the plaintiff for the price, and for the defendant for costs.

Appeal from an order of the superior court for Lincoln county, Neal, J., entered October 3, 1903, granting plaintiff's motion for a new trial, upon setting aside the general verdict of a jury rendered technically in favor of the defendant, with special findings as to a tender of the amount due the plaintiff, in an action of replevin.  Reversed.

*E. M. Hayden* and *Myers & Warren,* for appellant.

*W. E. Southard* and *Martin & Grant,* for respondent.

1Reported in 80 Pac. 763.

MOUNT, C. J.—Respondent brought this action in re-plevin, to recover from appellant 2,161 bushels and 22 pounds of wheat, or its value, alleged to be $1,269.80. Appellant denied, substantially, all the allegations of the complaint, and alleged, affirmatively, that the respondent sold the said wheat to appellant at an agreed price of forty-six cents per bushel, which amounted to the sum of $994.28, and, as a part of the same transaction, appellant sold and delivered to respondent 1,000 sacks, and 12 pounds of twine, at the agreed price of $82.30; that, before the commencement of the action, appellant tendered to respond-ent $911.90, being the balance due, and that said sum was deposited in court. Appellant's reply denied the affirma-tive allegations of the answer. Upon these issues, the cause was tried by the court and a jury. At the trial the court gave the jury the following instruction:

"In this case the plaintiff is entitled to recover a verdict at your hands, and the only question is as to the amount proper for you to find. If there was a sale of the wheat to the defendant, then you should find a verdict for the plaintiff for the amount due at the contract price, less the sacks and twine. If you find that there was no sale, then you should find for the plaintiff at the time of the demand, less the amount due the defendant for sacks, twine and storage, because if they did not buy the wheat he would be responsible for the storage as long as they retained it in store."

The jury returned a general verdict as follows:

"We, the jury duly impaneled in the above cause, do find in favor of the defendant."

And, at the same time, special findings as follows:

"(1) Did the defendant tender to plaintiff before suit was commenced a draft in payment of the wheat? Ans. Yes. (2) If so, what was the date and amount thereof? Ans. October 10, 1902; amount tendered, $911.90. (3)

At the time the draft was offered to plaintiff (if you so find), did defendant offer plaintiff any cash, and, if so, how much? Ans. No."

The respondent thereupon moved the court for a new trial upon the statutory grounds. Thereafter the court granted the motion for new trial, "solely upon the ground that the jury did not obey the court's instruction, in bringing in a verdict for the defendant when the court instructed the jury to bring in a verdict for the plaintiff. All the other grounds for a new trial, as mentioned in plaintiff's motion, are overruled and denied by the court." The defendant appeals from this order.

The only question presented upon the appeal is, should the court have granted a new trial simply because the jury returned a verdict for the defendant? The general rule, no doubt, is that, where the jury disregards the instructions of the court, the verdict is against law. *Pepperall v. City Park Transit Co.,* 15 Wash. 176, 45 Pac. 743, 46 Pac. 407, and cases there cited; *Trumbull v. School District,* 22 Wash. 631, 61 Pac. 714. But in this case we are clear that the jury did not intend to disobey the instructions of the court. There was, at most, but a technical disobedience. The issues submitted to the jury were clearly and sharply defined. There was but one question submitted for a general verdict, and that one was, did respondent sell his wheat to appellant, or did he store it with appellant? If he stored the wheat, he was entitled to a verdict for its value at the time of demand. If he sold it he was entitled to the contract price, which was on deposit with the clerk of the court. Under the issues thus submitted to the jury by the court, it is clear that the jury, by their verdict, found that the wheat was sold and not stored. That was the effect and evident meaning of

the verdict. The lower court, therefore, should have denied the motion, and entered judgment in favor of respondent for the deposit, and in favor of appellant for the costs.

The order appealed from is reversed, and the cause remanded for a judgment as indicated; neither party to recover costs on this appeal.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.