Boynton v. Alwart.

## Charles W. Boynton v. Frederick W. Alwart.

### Gen. No. 13,408.

1. LEAVE TO AMEND—*what not order granting.* An order that "all papers and proceedings in said cause be amended by," etc., is not an order granting leave to amend but is in itself an amendment.

2. NOTICE—*of what party bound to take.* A party who has been served with process and who is in default is bound to take notice of all orders entered in the cause until the end of the term at which final judgment is entered against him.

3. AMENDMENT—*when notice of, not essential.* Notice of an amendment need not be given to a party who has been served and who is in default.

Assumpsit. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed November 22, 1907.

**Statement by the Court.** The defendant in error brought *assumpsit* in the Superior Court against plaintiff in error and one Stuart Boynton. The declaration consists of the common counts, and alleges the breach of joint premises and undertakings by the defendants. Stuart Boynton filed a plea of non-assumpsit. April 19, 1906, the default of the defendant Charles W. Boynton for failure to appear after service of summons upon him was entered. July 16, 1906, an order was made, on motion of plaintiff's attorney: "That all papers and proceedings in said cause be and are hereby amended by discontinuing as to the defendant Stuart Boynton at plaintiff's costs," and then follows a judgment for costs of Stuart Boynton against plaintiff. The same day, plaintiff's damages were assessed against defendant Charles W. Boynton at $728.04, and for that sum and plaintiff's costs judgment was entered against said defendant.

JOHN J. SHERLOCK and FRANK CROZIER, for plaintiff in error.

ARTHUR W. UNDERWOOD and JOHN A. McKEOWN, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The order of July 16, 1906, was not an order giving the plaintiff leave to amend his declaration by discontinuing as to Stuart Boynton, but was an order that, "All papers and proceedings in said cause be amended by discontinuing as to defendant Stuart Boynton." Its effect was to strike out of the declaration the name of Stuart Boynton, so that it allege the promises and undertakings, the non-performance of which are complained of, as those of Charles W. Boynton individually.

The amendment was material and was made without notice to Charles W. Boynton.

In Smith v. Brittenham, 98 Ill. 188, the bill was dismissed and afterwards, at the same term, the order of dismissal was set aside without notice to the defendant, and it was said, p. 195: "Smith having been brought into court by service of process, was bound to take notice of all the orders which were made in the cause at the same term of court and as well after as before the making of the order of dismissal."

In O'Conner v. Wilson, 57 Ill. 226, the question of the right of the sheriff to amend his return of service of the summons was involved, and it was said, p. 230: "The true rule of practice, upon much and mature reflection, we think, should only permit such amendments as a matter of course, and without notice, during the term at which the cause is determined."

Upon the authority of the cases above cited it must, we think, be held that Charles W. Boynton, having been served with process and defaulted for non-appearance, was in contemplation of law in court until the end of the term at which final judgment was entered against him, and bound to take notice of all orders made in the cause.

The practice of permitting amendments to pleadings on the motion of a party to a suit without notice to the opposite party is not a good one, especially in a county in which there are many courts sitting at the same time.   But the question before us is not as to the propriety of permitting a material amendment to a declaration without notice to the defendant, but is whether, in the absence of a statute or a rule of court requiring notice of a motion to amend to be given to the defendant, it is error to make or permit such amendment without notice to a defendant who has been defaulted for non-appearance, and this question must be answered in the negative.

Finding in the record no reversible error, the judgment will be affirmed.

*Affirmed.*