[No. 8331.  Department Two.  October 29, 1909.]

GENERAL LITHOGRAPHING & PRINTING COMPANY,
*Respondent*, v. AMERICAN TRUST COMPANY,
*Appellant.*[1]

JUDGMENT—DEFAULT—APPEARANCE—TIME.  A demand for a bill of particulars, made after defendant is in default and while a motion for a default is pending, comes too late and does not prevent judgment by default.

JUDGMENT—DEFAULT—NOTICE—APPEARANCE.  After entry of default for failure to appear and answer in time, the defendant is not entitled, by reason of later appearance, to notice of application for judgment, under Bal. Code, § 5090, entitling him to five days' notice of proceedings if he gives notice of appearance before the time for answering expires.

JUDGMENT—DEFAULT—VACATION—MERITS.  The denial of a motion to vacate a default judgment will not be disturbed when there was no showing of merits on the motion to vacate.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 12, 1909, in favor of the plaintiff, by default, a motion to vacate the same having been denied.  Affirmed.

*Howell & Benjamin,* for appellant.

*Shank & Smith,* for respondent.

MOUNT, J.—This appeal is prosecuted from a default judgment rendered against the appellant.  It appears that respondent brought the action against the appellant upon an account.  Service of the summons and complaint was made on March 3, 1909.  After the twenty days for answer

[1]Reported in 104 Pac. 608.

had expired, and on March 31 of the same year, appellant served a general notice of appearance in the case, but filed no pleadings therein. On April 5 respondent served and filed a motion for default, and with it a notice that the motion for default would be brought on for hearing on April 10. On April 9 the appellant served and filed a demand for a bill of particulars. On the next day the motion for default came on to be heard, and was granted by the court, and an order of default entered against the appellant. On April 12 a judgment was entered as prayed for in the complaint. On April 17 appellant moved the court to set aside the default and judgment. No showing of merits was made. This motion was denied, and the appeal followed.

It is claimed by the appellant that the court erred in granting the default while the demand for a bill of particulars was on file. This demand for a bill of particulars was not filed until after the appellant was actually in default and a motion therefor had been served and filed and was noticed to be heard on the next day. This question is disposed of in the case of *Haynes v. Schwartz Co.*, 5 Wash. 433, 32 Pac. 220, where the court said:

"The law gave the defendant in this action twenty days in which to answer. It also gave him notice that, if he did not answer within that time, the plaintiff would be entitled to move for a default. He did not answer within twenty days, and the plaintiff had moved for a default and had served him with notice of such motion, and under the rules of the court he could not then file his answer without leave of the court. The action of the court in granting the default must relate back to the time at which the motion for default was made. If plaintiff's theory is true, a defendant can forestall all default proceedings by filing his answer after the motion for default is served and filed, and the court would be deprived of all discretion in the very cases where the largest discretionary powers in the court are universally conceded."

This language applies with equal force to this case.

It is also claimed that the court erred in granting a judg-

ment without further notice to appellant, after the order of default had been entered. The statute provides:

"If the defendant give notice of appearance in the action before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint." Bal. Code, § 5090 (P. C. § 735).

The appellant did not appear in this case until after the expiration of the time for answering. But, if his appearance was in time, as it probably was, to entitle him to notice of subsequent proceedings, the required notice was given upon the motion for default, and an order of default was rightly entered.

"After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of such proceedings to be served upon him." *Norris v. Campbell*, 27 Wash. 654, 63 Pac. 339.

See, also, *Hyde v. Heaton*, 43 Wash. 433, 86 Pac. 664. There was, therefore, no error in granting the judgment.

There was no showing of merits on the motion to vacate the judgment, and no good reason is shown for setting the judgment aside. It must therefore be affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.