[No. 2376]

RENO ELECTRICAL WORKS (A CORPORATION), RESPONDENT, *v.* UNITED STATES FIDELITY & GUARANTY COMPANY (A CORPORATION), APPELLANT.

[183 Pac. 386]

1. PLEADING — VARIANCE BETWEEN PLEADING AND INSTRUMENT REFERRED TO.

In an action by subcontractor against the surety on contractor's bond, the fact that the bond denominated the subcontractor as the electric works, while the complaint named it as the electrical works, is immaterial under Rev. Laws, 5080, 5081, the variance probably being due to a mere clerical error.

2. CONTRACTS—ADOPTION—EXECUTION.

Parties may adopt a written contract, and thus make it as binding as though formally executed by both, without signing it; and hence in an action by subcontractor against the surety on the contractor's bond, brought after complete performance by subcontractor, the fact that the written subcontract was not executed is no defense.

3. JUDGMENT—DEFAULT—NOTICE OF SUBSEQUENT PROCEEDING.

Where defendant was in default, the fact that the court made findings and entered judgment without notice is no ground of objection, for after default it would be a useless thing to require service of notice on defendant.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by the Reno Electrical Works against the U. S. Fidelity & Guaranty Company. From a judgment for plaintiff, defendant appeals. **Affirmed.**

*Harwood & Tippett,* for Appellant:

The findings and judgment are not sustained by the pleadings.

It is affirmatively shown by the complaint that the alleged contract purports to be between Reno Electric Works and Caldwell & Son, while plaintiff sues under the name of Reno Electrical Works. There is no allegation that the two corporations are one and the same, if such be indeed the case.

The alleged contract is not signed, and there is not any allegation covering this omission and defect.

The judgment must be sustained by the complaint. If

there is any variance of parties or of proof, as shown by the judgment roll, the judgment cannot be sustained.

The court erred in entering judgment without notice to the defendant. Even though the defendant failed to answer, it was entitled to notice of all proceedings after the entering of its appearance.

*LeRoy F. Pike,* for Respondent:

The pleadings show that the Reno Electrical Works and the Reno Electric Works are one and the same corporation. Even if there is a variance, it is not a material variance. A variance is not material unless it has actually misled the adverse party. Rev. Laws, 5080, 5081; 31 Cyc. 703; 22 Ency. Pl. & Pr. 569, 571; State v. White, 34 S. C. 59; People v. Phillips, 70 Cal. 61; People v. Chretien, 137 Cal. 454; Dudley v. Duvel, 70 Pac. 68. It is not the policy of the law to prevent justice by trivial defenses, but on the contrary to see that substantial justice is done. Jones v. S. F. Sulphur Co., 14 Nev. 172.

Appellant's objection that the contract was not signed by plaintiff is frivolous. It is necessary to prove the signing of a contract only by the party to be charged. 6 Cyc. 11; 9 Cyc. 299; Esmay v. Gorton, 18 Ill. 483; Waltz v. Waltz, 84 Ind. 403; Railroad v. Orendorff, 37 Md. 328; Johnson v. Dodge, 17 Ill. 433. "When a contract is signed by one of the parties only, but is accepted and acted upon by the other party, it is just as binding as if it were signed by both of the parties." 9 Cyc. 300; Bloom v. Hazzard, 104 Cal. 310; Reedy v. Smith, 42 Cal. 245; Luckhart v. Ogden, 30 Cal. 543.

Plaintiff had the legal right to have the clerk enter judgment by default, without notice thereafter to defendant. Stats. 1913, p. 110; 23 Cyc. 759. If default was improperly taken, it was the proper practice to move to set it aside. Kidd v. Mining Co., 3 Nev. 381.

By the Court, DUCKER, J.:

This is an action upon a bond executed by defendant surety company, the appellant here, to secure subcon-

tractors, laborers, and materialmen for labor performed and material furnished in the erection, construction, alteration, or repair of a public building or structure.

The second amended complaint alleges substantially that a contract was entered into for the construction of a public building; that thereafter the contractors entered into a contract with plaintiff as subcontractor for the furnishing of material and labor, and for certain construction in connection with said public building; that the plaintiff has performed the conditions of this contract, and there is nothing owing to plaintiff from the contractors on said contract, except the sum of $509.50, still unpaid, though demand has been made of the said contractors, who refuse to pay the same.

The complaint further alleges the completion of said public building, and its acceptance within ninety days of the commencement of this action; that a joint and several bond was executed to the trustees of the public building by appellant, conditioned that the contractors would satisfy all claims and demands incurred in the construction of said building, whereby a cause of action accrued to the benefit of plaintiff against defendant under the laws of this state. It is also alleged that plaintiff has been compelled to employ counsel to prosecute the action, and that the sum of $250 is a reasonable sum to allow plaintiff as counsel fees in the action. A copy of the contract with plaintiff and a copy of said bond are attached to and made a part of the complaint, marked "A" and "B," respectively.

Defendants demurred to the second amended complaint on the ground that it failed to state a cause of action. It was overruled by the court, and, the defendant having failed to answer within ten days limited by the order, its default was entered and judgment rendered in favor of plaintiff, according to the prayer of the complaint.

Defendant appeals from the judgment, and assigns as error: (1) That judgment is contrary to law; and (2) that the court erred in making its findings of fact and

conclusions of law and in entering judgment, because the same were made and entered without notice to defendant.

It is claimed that the findings and judgment are not sustained by the pleadings, and are therefore contrary to law. This alleged error lies in the fact that the plaintiff is named in the complaint as the Reno Electrical Works, whereas in the attached copy of the contract the subcontractor is named Reno Electric Works; and also in the fact that the copy of the contract is not signed, and does not purport to be signed, by either Reno Electrical Works or Reno Electric Works.

1. In respect to the first phase of the question, the difference in the names, at the most, is an immaterial variance. The references in the complaint to the contract show that Reno Electrical Works, Reno Electric Works, and subcontractor are the same entity. The indorsement on the copy of the contract "Reno Electrical Works" tends strongly to indicate that the word "Electric" in the body thereof is a clerical error. Appellant could not possibly have been misled in this respect, and the court was authorized, not only by the general rule of law concerning immaterial variances, but by the the liberal statutory rule, in finding the fact in conformity with the pleadings. Rev. Laws, 5080, 5081. The contention that the judgment is contrary to law because the copy of the contract annexed to the complaint is not signed by respondent is untenable.

2. Parties may adopt a written contract, and thus make it binding as though formally executed by both, without signing it. The copy of the contract is signed by the contractor, and respondent's assent to it is shown by a full performance of its conditions. "If a person accepts and adopts a written contract, even though it is not signed by him, he is deemed to have assented to its terms and conditions and to be bound by them." 6 R. C. L. p. 642; Bloom v. Hazzard, 104 Cal. 313, 37 Pac. 1037; Memory v. Niepert, 131 Ill. 623, 23 N. E. 431; Story on Contracts (5th ed.) sec. 509.

It appears from the allegations of the complaint that the contract alleged therein was acted upon by the parties—by the respondent in finishing the work required by the contract, and by appellant in paying more than two-thirds of the contract price for such work. The contractual relation is evidenced by these mutual acts, and makes the contract binding on each of the parties, if neither had signed it.

3. The court did not err in making findings and in entering judgment without notice to appellant.

Appellant was in default, and notice of subsequent proceedings is nowhere required by statute or rule of court. After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of any to be served upon him. Norris v. Campbell, 27 Wash. 654, 68 Pac. 339.

Judgment affirmed.