[No. 22034. Department One. October 14, 1929.]

L. O. MARSH, *Respondent*, v. WEST FIR LOGGING COMPANY et al., *Appellants*.[1]

*Edwin H. Flick* and *Stanley Kent*, for appellants.

*J. W. Graham*, for respondent.

[1]Reported in 281 Pac. 340.

BEALS, J.—This is an action in replevin, plaintiff, in his complaint, alleging that he is the owner of certain personal property which he purchased at a sheriff's sale held pursuant to an execution issued in an action between certain persons who are not parties to this proceeding. Plaintiff also alleges the detention of the personal property by defendants, to his damage in an amount which he sets forth. As shown by the sheriff's return, the summons and complaint were regularly served upon the defendants, who failed to appear in the action within the time limited by law. Plaintiff having moved for default, such an order was entered, together with findings of fact, conclusions of law and a judgment in accordance with the prayer of plaintiff's complaint, adjudging plaintiff to be the owner of the personal property therein described and awarding plaintiff damages for the detention thereof. A few days after the entry of this judgment, defendants served and filed an answer to plaintiff's complaint, together with their petition for a vacation of the judgment. To this petition, plaintiff demurred upon the ground that the same did not state facts sufficient to justify the granting of the relief prayed for therein by defendants. The trial court, after argument, entered an order sustaining plaintiff's demurrer and denying defendants' petition, from which order defendants appeal.

The order appealed from is general in its terms, simply reciting that the court had heard the arguments of counsel, had taken the matter under advisement and considered the briefs submitted upon the questions of law involved.

In reviewing the ruling of the trial court complained of by appellants, we are, of course, confined to the record, and cannot consider statements *dehors* the same. No bill of exceptions or statement of facts has been brought before us. Several affidavits filed on be-

half of appellants are contained in the transcript, but, as we have repeatedly held, affidavits cannot be considered by this court on appeal unless brought before us by bill of exceptions or statement of facts, so that it may be known that, in passing upon the rulings of the trial court sought to be reviewed, this court has before it evidence which was considered by the trial court in making the rulings complained of, and all of the material evidence upon which such rulings were based. As in this case the contentions of appellants appear from the petition which they filed, to which petition the trial court sustained a demurrer, the matters urged by appellants as entitling them to the relief which they sought are adequately presented.

Appellants were not entitled to a vacation of the judgment as a matter of right, the same having been entered after personal service of process upon them and while appellants were in default in the action. In considering applications to vacate default judgments, trial courts have a large discretion and we cannot say, as a matter of law, from the record before us, that in this instance such discretion was abused.

The order appealed from is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.