## J. M. ANDERSON v. HERMAN GRAUE.[1]

May 8, 1931.

No. 28,468.

*J. O. Haugland,* for appellant.
*John C. Haave,* for respondent.

[1]Reported in 236 N. W. 483.

WILSON, C. J.

Defendant appealed from an order of the district court granting plaintiff's motion to dismiss an appeal from a judgment in a municipal court on the ground that the appeal was not perfected within the time required by law.

G. S. 1923 (1 Mason, 1927) § 236, provides that appeals may be taken, under the general municipal court act, "in the same cases, upon the same procedure, and with the same effect as provided by law respecting appeals from justices' courts, and all laws relating to such last named appeals shall·be adapted and applied to appeals from the municipal courts. Provided, however, that the time for appeal shall not start to run until the judgment has been perfected, the costs taxed and notice of entry of judgment served upon the adverse party."

G. S. 1923 (2 Mason, 1927) § 9093, relating to appeals from justice courts, provides that the appeal must be perfected within ten days after the entry of judgment.

In this case judgment was entered in the municipal court on May 21, 1930. The notice of appeal was served June 12, 1930. This failed to meet the requirements of the statute requiring the appeal in justice court to be made within ten days after the entry of judgment. But notice of entry of the judgment was never served upon defendant as provided in § 236. If the appellant is in a position to have the benefit of the proviso in § 236 his appeal was effective.

The judgment was entered upon defendant's default. A defendant against whom a default judgment is entered is out of court and, in the absence of statute, is not entitled to notice of further proceedings in the case. 34 C. J. 176, § 390; Christerson v. French, 180 Cal. 523, 182 P. 27; 6 Enc. Pl. & Prac. p. 126; Uplinger v. Yonkin, 47 Cal. App. 435, 190 P. 822; Nuestel v. Spokane Int'l Ry. Co. 27 Idaho, 367, 149 P. 462; Boynton v. Alwart, 137 Ill. App. 227; Western Union Tel. Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715; General L. & P. Co. v. American Tr. Co. 55 Wash. 401, 104 P. 608; Claiborne v. Planters Bank, 3· Miss. 727; Fergen v. Lonie, 50 S. D. 328, 210 N. W. 102.

He cannot thereafter, nor until the default is set aside in a proper proceeding, file pleadings or move for a new trial or demand notice of subsequent proceedings. 6 Enc. Pl. & Prac. p. 127; Title I. & T. Co. v. King L. & I. Co. 162 Cal. 44, 120 P. 1066; Brayton v. County of Delaware, 16 Iowa, 44.

From a practical viewpoint it would be a cumbersome and annoying practice if the plaintiff had to serve notice of entry of judgment upon the judgment debtor who had in no way appeared in the cause.

Affirmed.