[No. 30963.   Department One.   December 22, 1949.]

PAINE-GALLUCCI, INC., *Respondent,* v. EIVIND ANDERSON, *Appellant.*[1]

[1] Reported in 212 P. (2d) 805.

*Henderson, Carnahan & Thompson,* for appellant.

*Gagliardi, Ursich & Gagliardi,* for respondent.

BEALS, J.—Plaintiff, Paine-Gallucci, Inc., a corporation, instituted this action against Eivind Anderson *et al.,* as defendants. By its complaint, which was filed in the office of the clerk of the superior court for Pierce county, July 20, 1948, plaintiff, a subcontractor, asked for judgment against Anderson in the sum of $2,649.92, with interest, which sum plaintiff alleged to be due from defendant Anderson for materials and labor furnished defendant, who, as principal contractor, was engaged in the construction of a water main under a contract with the city of Tacoma. Plaintiff also prayed for the foreclosure of a lien and for general relief.

The defendant Anderson appeared *pro se,* filing a general demurrer to the complaint, based upon all of the statutory grounds. Anderson personally argued this demurrer before the superior court. The demurrer was overruled by an order signed and filed September 13, 1948, the date of the argument.

Pursuant to the applicable rules of the superior court, after the overruling of the demurrer, the defendant was allowed three days to further plead, but, having failed to do so, the plaintiff, September 22, 1948, moved for an order of default and filed in support of its motion the affidavit of its attorney, stating the proceedings above set forth, and that the defendant had not pleaded further to plaintiff's complaint and was, on the date of the affidavit, in default. The affidavit also stated that the defendant was not represented by an attorney, but had appeared in the action in person.

The defendant then appeared in the action by counsel, and plaintiff's motion for default was argued to the court

October 9, 1948, and taken under advisement. October 14th, the court filed its memorandum decision, stating that the motion for default was granted. A formal order adjudging the defendant to be in default was signed October 18, 1948, and filed the following day.

Following the entry of the order of default, the trial court, October 18, 1948, made findings of fact and conclusions of law, followed the same day by the entry of a decree in plaintiff's favor and against the defendant Anderson only in the sum of $2,716.17, together with the further sum of four hundred dollars as attorney's fees, the decree adjudging that plaintiff have a lien upon certain funds retained by the city of Tacoma in connection with the contract referred to above. The decree further provided for the reformation of the contract which had been entered into between the plaintiff and the defendant to include therein a provision to the effect that the defendant Anderson pay for the replacing of an "oil mat." The findings, conclusions, and decree were filed October 19, 1948.

October 20, 1948, the defendant, by his counsel, moved for a new trial, the motion stating six grounds for granting of the motion, including "accident and surprise" and error of the court in entering the order of default against the defendant.

December 1, 1948, the plaintiff moved to strike the motion for a new trial upon two grounds:

"(1) That there is no issue either of fact or of law that is subject to re-examination after trial and decision by a jury, court or referee.

"(2) That the motion for new trial is sham, frivolous and irrelevant."

The motion was based upon the records and files in the action.

This motion came on regularly to be heard before the court December 20, 1948, on which day the court, by order, granted plaintiff's motion to strike, allowing exception to the defendant.

From the decree entered as above stated, defendant has appealed.

The foregoing proceedings were before Judge Fred G. Remann, who died February 5, 1949.

Appellant presents the following assignment of errors:

"(1) The Court below erred in granting respondent's Motion for Default against appellant.

"(2) The Court below erred in entering judgment against the appellant in any sum whatsoever and in denying appellant's motion for a new trial.

"(3) The Court below erred in any event in including in the judgment the sum of $600.00 representing the amount expended by respondent for the reimbursing of the City for the repair of these oil mats.

"(4) The lower Court erred in any event in adjudicating a lien of said $600.00 against the retained percentage.

"(5) The Court below erred in any event in entering judgment for an attorney's fee of $400.00 or in any sum in excess of $10.00."

While appellant's second assignment of error refers to the denial of his motion for a new trial, this assignment is sufficient to present the question of any error committed by the trial court in *striking* appellant's motion.

Shortly after appellant appealed to this court, respondent moved to dismiss the appeal, upon the ground that more than thirty days had elapsed since the date of the entry of the decree, and that more than fifteen days had elapsed since the entry of the order of the superior court striking appellant's motion for a new trial. Respondent contended that the appeal was not timely, unless this court considered that appellant's motion for a new trial extended the time within which an appeal from the decree might be prosecuted, notwithstanding the fact that the superior court struck the motion from the record.

Respondent's motion to dismiss the appeal was argued to a Department of this court, and the motion was denied without any opinion. We are invited by respondent to discuss this question, but, respondent's motion having been argued and denied, we are not inclined to consider the matter further.

However, we will call attention to one matter in connection with the question just discussed. In support of its argument on this appeal, respondent cites Rem. Rev. Stat., § 398 [P.P.C. § 78-1], which reads as follows:

"A new trial is a re-examination of an issue [of fact] in the same court after a trial and decision by a jury, court, or referees."

The section referred to, as enacted by the legislature, is found in Laws of 1854, chapter 20, § 215, p. 170, in which the words "of fact" do not appear.

In respondent's brief upon its motion to dismiss the appeal, respondent cited decisions of the supreme court of California. In that state, the statute (California Code of Civil Procedure, § 656) defines a new trial as

". . . a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee."

Apparently, the words "of fact," in brackets, as contained in Remington's Revised Statutes, were inserted in § 398 by some codifier. It does not appear that the statute, as enacted by the legislature of 1854, has ever been amended, and, consequently, in this jurisdiction a new trial is a re-examination of an issue of fact or law, and the decisions of the supreme court of California are not in point.

We shall first consider appellant's assignment of error based upon the entry of findings of fact, conclusions of law, and decree, all of which, as above stated, were entered at the same time the order of default was filed.

Appellant appeared generally in the action when he filed and argued his demurrer to the complaint, but it does not appear, from the record, that any notice whatever was given to appellant, prior to the entry of the findings, conclusions, and decree, that the same would be presented to the court at the time they were signed or at any other time.

Rem. Rev. Stat., § 411 [P.P.C. § 66-1], provides for the entry of default judgments. Subdivision 1 refers to the entry of default judgments in actions "arising on contract for the recovery of money only." Subdivision 2 refers to

"other actions," the last portion of the paragraph reading as follows:

"If the defendant give notice of appearance in the action before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint;  .  .  ."

While respondent's attorney promptly delivered to appellant's counsel copies of the findings, conclusions, and decree, *after* the same had been signed and filed, it does not appear that any advance notice whatever of the presentation of the decree was given to appellant or his counsel.

The foregoing section of the statute is not referred to in the briefs filed herein, but is applicable to the situation here presented.

Appellant argues that the trial court erred in entering the order of default against him.

While, apparently, appellant did not deny a considerable indebtedness to respondent, during his conversations with respondent's counsel, he did clearly indicate that it was his contention that he was not indebted to respondent in connection with certain items for which respondent sought recovery by its complaint.

After the conclusion of the argument on the demurrer, appellant called on Judge Remann and asked when the action could be tried, having been informed, as stated by appellant in an affidavit, that the case might be tried during the latter half of November following or go over until after the first of the next year.

Thereafter, appellant twice called upon one of respondent's counsel at the latter's office and discussed the case with him, in an endeavor to reach a settlement satisfactory to both parties. When appellant became satisfied that no agreement could be reached, he took the complaint to a lawyer in Tacoma and discussed the matter with him. The attorney informed appellant that, at that time, he was extremely busy and could not discuss the situation in detail; and, while the complaint was in the possession of this attor-

ney, appellant was served with the motion for default. He then again called upon the attorney, but was informed that, on account of press of business, the attorney would not be able to represent appellant, whereupon appellant took the complaint to his present counsel, who appeared in the cause prior to the day fixed for the hearing of the motion for default, filing two affidavits in appellant's behalf in resistance to the motion, and participating in the argument before the court.

Appellant frankly stated in his affidavits that respondent's counsel definitely informed him that he should file his answer to the complaint, but did not inform him that the answer should be filed within three days after the overruling of the demurrer. Of course, respondent's counsel owed no duty to appellant to advise him concerning the procedure he should follow. Appellant deposed that he was under the impression that he could file his answer within twenty days after his demurrer was overruled.

The motion for default was filed eight days after the demurrer was overruled, and was based upon an affidavit by respondent's counsel, dated September 22, 1948, stating that, up to that date, appellant had not pleaded further to the complaint and was in default.

Prior to the argument, appellant filed two personal affidavits on the merits and in explanation of his delay in pleading further, to which a counter affidavit was filed on behalf of respondent.

After the argument on the motion for default, an affidavit of appellant's counsel was filed on appellant's behalf, stating in more detail the questions which would be presented by appellant in his answer, should the motion for default be denied.

October 14th, the trial court filed its memorandum opinion, ruling that the motion for default would be granted, and, as above stated, October 18th the court signed the formal order of default, which was filed with the clerk the following day.

It is, of course, true, and the rule is recognized by

appellant, that, generally, the granting of or refusal to grant a motion for default rests within the sound discretion of the trial court.

This principle was recognized by this court in the case of *Graham v. Yakima Stock Brokers,* 192 Wash. 121, 72 P. (2d) 1041, on an appeal from a judgment entered after the court had granted defendant's motion for default because of failure on the part of plaintiffs to reply to affirmative matter contained in the defendant's answer. It appeared that the plaintiffs had been in default over four months and that approximately ten months had elapsed before they moved to vacate the order of default. This court, sitting *En Banc,* reversed the judgment. In the course of the opinion, we recognized the principle that, in ruling upon a motion for default, the court should exercise its discretion, but, quoting from the opinion of the supreme court of California in *Bailey v. Taafee,* 29 Cal. 423 (previously cited by this court in *Hull v. Vining,* 17 Wash. 352, 49 Pac. 537), called attention to the fact that, in such a matter, the court's discretion

" ' . . . is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates.' "

We also called attention to the fact that, when the motion for default was granted, the plaintiffs "were in court with properly accredited attorneys," and held that, in entering the order of default, the trial court abused its discretion. In the course of the opinion, we also stated:

"It is also a rule that, where default has been denied or vacated by the trial court, a stronger case showing abuse of discretion is required for reversal than where trial on the merits has been denied. *Agricultural & Livestock Credit Corp. v. McKenzie,* 157 Wash. 597, 289 Pac. 527."

In the case at bar, respondent, in its complaint, asked for

equitable relief. As stated by appellant in his affidavit, respondent's counsel advised appellant that the case would not be tried to a jury, and, from the complaint, this statement was manifestly correct.

Findings of fact, conclusions of law, and decree in the case at bar were entered without the taking of any evidence, and without notice to appellant, the procedure outlined by Rem. Rev. Stat., § 411, subd. 2, not having been followed in these particulars.

This court has held that Rem. Rev. Stat., § 241 (formerly Bal. Code, § 4886), which provides that, after appearing in an action, "a defendant is entitled to notice of all subsequent proceedings," is not applicable after an order of default against the defendant has been entered in the action. *Norris v. Campbell*, 27 Wash. 654, 68 Pac. 339; *Hyde v. Heaton*, 43 Wash. 433, 86 Pac. 664.

In the case of *General Lithographing & Printing Co. v. American Trust Co.*, 55 Wash. 401, 104 Pac. 608, which was an action at law for the recovery of a definite sum of money, an order of default against the defendant was entered, after it had made a general appearance in the action, and, thereafter, on plaintiff's motion, the trial court, without giving notice to the defendant, entered judgment in plaintiff's favor for the amount demanded in the complaint. The defendant appealed from the default judgment entered against him, contending, *inter alia,* that the judgment should be set aside, having been entered without notice. In support of its contention, defendant cited that portion of Rem. Rev. Stat., § 411, subd. 2 (formerly Bal. Code, § 5090), hereinabove quoted. This court quoted from the case of *Norris v. Campbell, supra,* the following:

" 'After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of such proceedings to be served upon him.' "

The section of the statute upon which the appellant relied and which the court quoted, was not applicable to the situation presented, as the action before the court was at law on

an account, and no proof was required in order to support the entry of a judgment, after the defendant had been declared to be in default by a proper order. The language of the court, then, must be considered as mere *dicta*.

■ The first two subdivisions of Rem. Rev. Stat., § 411, refer to entirely different causes of action. On a complaint stating an action "on contract for the recovery of money only," after a default, judgment may be entered in the action for the amount demanded in the complaint; but, as stated in subd. 2, in other actions the plaintiff, after the entry of default against the defendant, may apply to the court for the relief demanded in the complaint, and the court may hear evidence concerning any fact "necessary to enable the court to give judgment." The subdivision limits the notice which must be given to the adverse party of the "time and place of application to the court for the relief demanded in the complaint," to a party who has given notice of appearance in the action before the expiration of the time for answer.

It is not here necessary to determine just what a party, who had been declared to be in default in an action but who had appeared in the action within the time limited by the last sentence of Rem. Rev. Stat., § 411, subd. 2, could do upon being present before the court at the time of the taking of testimony, by the prevailing party, necessary to support a judgment. But, in such a case, a trial court might well hear the party, at least in argument, concerning the amount of judgment to be entered against him, and, in any event, such a party would have definite notice of the contents and time of entry of the judgment.

■ In the case at bar, the trial court erred in making findings of fact and conclusions of law and in entering the judgment appealed from, without the taking of any evidence in support thereof.

In its complaint, respondent asked foreclosure of a lien and for equitable relief. By the decree entered by the court in respondent's favor, its lien was established and foreclosed, and the contract between respondent and appellant

was reformed. The relief demanded by respondent and granted by the court clearly brought the action within the scope of Rem. Rev. Stat., § 411, subd. 2, *supra*.

For the reasons above stated, the findings of fact, conclusions of law, and decree must be vacated and set aside as prematurely entered, without notice to appellant, and for the further reason that they were entered without the taking of any evidence on behalf of respondent. *Ferguson v. Hoshi*, 25 Wash. 664, 66 Pac. 105; *Skidmore v. Pacific Creditors*, 18 Wn. (2d) 157, 138 P. (2d) 664.

■ We are also convinced that, upon the record, the trial court abused its discretion in entering the order of default against appellant:

The decree appealed from is, accordingly, reversed, and the cause remanded to the superior court with instructions to vacate the decree, together with the findings of fact and conclusions of law entered in support thereof, and the trial court will also vacate the order of default entered against appellant and will enter an order denying the same upon such terms as the court may deem appropriate, fixing the terms as of the date that the order of default was entered.

SIMPSON, C. J., GRADY, and DONWORTH, JJ., concur.

SCHWELLENBACH, J. (concurring in part and dissenting in part)—I concur in that part of the opinion reversing the decree and remanding the cause to the superior court with instructions to vacate the decree together with the findings of fact and conclusions of law, but I cannot concur with that part of the opinion vacating the order of default. The record shows that the motion for default was argued, taken under advisement, and a memorandum opinion written. I fail to find any abuse of discretion in the record on the part of the trial court in entering the order of default.

———

January 31, 1950. Petition for rehearing denied.