[No. 35057. Department Two. June 9, 1960.]

LOUIS M. PEDERSEN, *Respondent,* v. HENRY G. KLINKERT *et al.,*
*Appellants.*[1]

*W. L. Brown, Jr.,* for appellants.

*Arthur R. Paulsen,* for respondent.

HILL, J.—This is an appeal by a defendant from an order
denying a motion to vacate a default judgment, the trial
court having heard evidence in support of the allegations
of the plaintiff's complaint and having made and entered
its findings of fact, conclusions of law, and judgment.

The appellants are proceeding, as they must under RCW
4.72.010, *et seq.,* the time for an appeal having expired.
Under this statute the superior court has power to vacate
or modify a final judgment it has entered:

"(3) For mistakes, neglect or omission of the clerk, or
irregularity in obtaining a judgment or order.

[1]Reported in 352 P. (2d) 1025.

"(4) For fraud practiced by the successful party in obtaining the judgment or order.

" . . .

"(7) For unavoidable casualty, or misfortune preventing the party from prosecuting or defending.

" . . ."

A proceeding for that purpose must be commenced within a year after the judgment was entered. RCW 4.72.020.

But for a seldom-raised procedural question, which merits clarification, the matter might be disposed of summarily with the frequently reiterated statement that a motion to vacate a default judgment is addressed to the sound discretion of the trial court. See *Leavitt v. DeYoung* (1953), 43 Wn. (2d) 701, 263 P. (2d) 592; *Skidmore v. Pacific Creditors* (1943), 18 Wn. (2d) 157, 138 P. (2d) 664; *Bishop v. Illman* (1942), 14 Wn. (2d) 13, 126 P. (2d) 582; *Marsh v. West Fir Logging Co.* (1929), 154 Wash. 137, 281 Pac. 340; *Hazeltine v. Rockey* (1916), 90 Wash. 248, 155 Pac. 1056; *Haynes v. B. F. Schwartz Co.* (1892), 5 Wash. 433, 32 Pac. 220.

Clearly, there was no basis to claim mistake, inadvertence, surprise, excusable neglect, unavoidable casualty, or misfortune. There could be no claim of fraud, for the appellants were represented by counsel, and, as the following record shows, the attorney for the respondent acted in good faith throughout and with meticulous fairness.

Respondent, an architect, brought an action alleging the "agreed and reasonable value" of his services to be $6,589.93, of which $3,500 had been paid, and that there remained owing and unpaid the sum of $3,089.93.

The order of events follows:

| | |
|---|---|
| July 1, 1957 | Service of summons and complaint on appellants. |
| July 22, 1957 | Notice of appearance served on respondent's attorney. (Timely because the twentieth day, July 21, 1957, was on Sunday.) |
| August 22, 1957 | Letter sent to appellants' attorney requesting answer. |
| September 18, 1957 | Motion and affidavit for default and notice of issue setting the hearing for September 23, 1957, served. (Hearing was continued for one week to September 30, 1957.) |

September 30, 1957 . . . . . . . Order of default signed by the court and filed.

October 1, 1957 . . . . . . . . . . Copy of order of default mailed to appellants' attorney.

October 9, 1957 . . . . . . . . . . Findings of fact, conclusions of law, and default judgment for $3,089.93 and costs signed and filed after the respondent had been sworn and testified in support of the allegations of the complaint. (It is this judgment which it is sought to vacate.)

October 10, 1957 . . . . . . . . . Copy of the judgment delivered to appellants' attorney.

May 5, 1958 . . . . . . . . . . . . . Inquiry over the telephone by another attorney on behalf of the appellants regarding the judgment, which inquiry was fully answered.

July 31, 1958 . . . . . . . . . . . . . Proceedings instituted by appellants to set aside the default judgment of October 9, 1957. (This marks the entry of appellants' present counsel into this case.)

From a judgment refusing to vacate that default judgment, this appeal is taken.

■ Appellants do not argue that there is any basis for setting aside the order of default, entered September the 30th, but contend that the default judgment, entered on the respondent's testimony on October the 9th, should be set aside because no notice was given of that hearing as required by RCW 4.56.160(2) (formerly Rem. Rev. Stat. § 411). That statute provides that,

"Judgment by default. Judgment may be had if the defendant fail to answer to the complaint, as follows:

"(1) In any action arising on contract for the recovery of money only, [no further notice or proof is required before judgment may be entered in this category of cases, except filing proof of personal service] . . .

"(2) In other actions the plaintiff may, upon the like proof [of personal service], apply to the court after the expiration of the time for answering, for the relief demanded in the complaint. If the taking of an account, or of the proof of any fact be necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof, or may, in its discretion, order a reference for that purpose. . . . *If the defendant give notice of appearance in the action, before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of*

*application to the court for the relief demanded in the complaint.*

"(3) [not here material]" (Italics ours.)

The question presented here is whether a defendant, who has made a timely appearance but against whom, after proper notice, an order of default has been entered for his failure or refusal to answer, is still entitled to the five days' notice of time and place of application to the court for the relief demanded in the complaint.

Based on the italicized language in the statute and statements appearing in *Paine-Gallucci, Inc. v. Anderson* (1949), 35 Wn. (2d) 312 (at pages 321 and 322), 212 P. (2d) 805, the appellants urge that notwithstanding the fact that an order, adjudging that they were in default for their failure to answer, had been entered on September 30, 1957, they were nonetheless, "entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint," *i.e.*, five days' notice of the hearing on October 9, 1957, when the respondent testified in support of the allegations of his complaint, and the trial court made its findings of fact, conclusions of law, and entered a judgment as prayed for in the complaint in the sum of $3,089.93. (All parties treat this action as being within the purview of subsection (2) of RCW 4.56.160, as do we, though the complaint would lead to the conclusion that it came under subsection (1) as an "action arising on contract for the recovery of money only.")

The appellants are by no means certain as to just what they could do if the judgments were set aside, inasmuch as they are still in default and there exists no reason to set the default aside. We did not cast much light on the situation in *Paine-Gallucci, Inc. v. Anderson, supra,* when we said (p. 321),

"It is not here necessary to determine just what a party, who had been declared to be in default in an action but who had appeared in the action within the time limited by the last sentence of Rem. Rev. Stat., § 411, subd. 2, could do upon being present before the court at the time of the taking of testimony, by the prevailing party, necessary to support

a judgment. But, in such a case, a trial court might well hear the party, at least in argument, concerning the amount of judgment to be entered against him, and, in any event, such a party would have definite notice of the contents and time of entry of the judgment."

(The appellants in the present case had immediate notice of the contents and of the time of entry of the judgment.)

Our statement in *Paine-Gallucci, Inc. v. Anderson, supra,* on which appellants rely relative to the necessity of further notice of the taking of proof and entry of judgment after an order of default has been entered, was not necessary to the decision in that case.

The findings of fact, conclusions of law, and judgment in the *Paine-Gallucci* case were vacated on a direct and immediate appeal from the judgment. On the appeal, the entry of the order of default was assigned as one of the errors. The judgment, in that case, was vacated because the trial court had failed to take any evidence in support of the findings of fact upon which the judgment was predicated. Proof is required to support a judgment, except where the amount due is liquidated or readily ascertainable by mere calculation. *Ferguson v. Hoshi* (1901), 25 Wash. 664, 66 Pac. 105 (unlawful detainer; money judgment reduced to nominal damages (one dollar), because of failure to introduce any evidence as to rental value); *Skidmore v. Pacific Creditors, supra,* (judgment on one item of damages (one hundred twenty-five dollars) was liquidated; on second item of damage (two hundred fifty dollars) was unliquidated; remanded with instructions to require plaintiff to prove the amount of his second item of damage); *Hawk v. Mayer* (1950), 36 Wn. (2d) 858, 220 P. (2d) 885 (declaratory judgment action; remanded because there was no evidence to support the findings).

The order of default was also set aside on the appeal in the *Paine-Gallucci* case, because its entry was an abuse of discretion—the motion for default having been made eight days after a demurrer had been overruled, and in the face of affidavits giving a reasonable explanation of the relatively slight delay in filing the answer, which affidavits

outlined the defenses which would have been included in the answer if the trial court had permitted it to be filed.

It is to be noted that, in the present case, there was no abuse of discretion in entering the order of default; further, the plaintiff did present evidence to the trial court on which it based its findings, and those findings support the judgment.

We have three cases precisely in point as to the factual situation, *i.e.*, appellants against whom an order of default has been entered urging that they were entitled to further notice before a judgment could be entered against them. In each instance we held that the appellants, being in default, were not entitled to notice of the entry of judgment against them. The cases refer to different statutes but reach identical conclusions. *Skidmore v. Pacific Creditors, supra*; *General Lithographing & Printing Co. v. American Trust Co.* (1909), 55 Wash. 401, 104 Pac. 608; *Norris v. Campbell* (1902), 27 Wash. 654, 68 Pac. 339.

In the *Norris* case the court stated the essential facts (p. 655):

" . . . No amended answer was filed within the time fixed by the court, whereupon the respondents moved for default. This motion was also granted, after notice and hearing, and the court afterwards, on respondents' motion, without notice to appellants, entered judgment according to the prayer of the complaint. The appellants thereafter moved for a vacation of the judgment and for a new trial, setting up various grounds, among which was the ground that no notice of the entry of the judgment had been served upon them. . . ."

The question of law was then clearly stated and directly answered:

" . . . On this branch of the case one question is presented,—did the court err in entering judgment without notice to the appellants? The claim of error is founded upon that section of the statute (§ 4886, Ballinger's) which provides that a defendant, after an appearance in an action, is entitled to notice of all subsequent proceedings. While a literal reading of this section would sustain the contention made, it is evident that it only applies to a defendant who is still in the case and who is entitled to be heard, and can

have no application where the defendant has been adjudged on hearing to be in default. After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of such proceedings to be served upon him. . . . "

The statute referred to (Ballinger's § 4886) is identical with RCW 4.28.210, which is as follows:

"Appearance, what constitutes. A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance. [1893 c 127 § 16; RRS § 241.]"

In the *General Lithographing & Printing Co.* case the court said (p. 402),

"It is also claimed that the court erred in granting a judgment without further notice to appellant, after the order of default had been entered. The statute provides:

" 'If the defendant give notice of appearance in the action before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint.' Bal. Code, § 5090 (P. C. § 735).

"The appellant did not appear in this case until after the expiration of the time for answering. But, if his appearance was in time, as it probably was, to entitle him to notice of subsequent proceedings, the required notice was given upon the motion for default, and an order of default was rightly entered.

" 'After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of such proceedings to be served upon him.' *Norris v. Campbell,* 27 Wash. 654, 63 Pac. 339."

(It will be noted that the statute cited (Ballinger's Code, § 5090) is identical with RCW 4.56.160(2), in which the appellants place their reliance in this case.)

In the more recent *Skidmore* case, reference is made to Rem. Rev. Stat., § 241 (which is identical with RCW 4.28.210, quoted in connection with the *Norris* case), and that portion of Rem. Rev. Stat., § 411 (which is identical with RCW 4.56.160(2)), relied on in this case, and the court again indicates that the appellants "Being in default, they were not entitled to any notice of any subsequent proceeding."

The appellants have raised an interesting question, and their position finds support, as we have indicated, in *dicta* in *Paine-Gallucci, Inc. v. Anderson, supra;* but we adhere to our prior, and we believe proper, construction of RCW 4.56.160(2)—that a defendant, after he has been properly adjudged to be in default, cannot contest the subsequent proceedings and is not entitled to further notice thereof.

██ The appellants also urge that since their contract with the respondent contained an arbitration clause, the superior court had no jurisdiction and resort to arbitration was the only remedy available to the parties. The trial court ignored this contention of the appellants in disposing of the case, because it is clearly not the law.

The arbitration clause is purely optional, reading,

"All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party, . . ."

It may well be that had the appellants raised the issue they could have required that their controversies with the respondent be submitted to arbitration, as in *State ex rel. Fancher v. Everett* (1927), 144 Wash. 592, 258 Pac. 486, where arbitration was demanded under a similar provision.

There can, however, be no doubt that the superior court had jurisdiction of the parties and the subject matter of the litigation, and it had the right and duty to proceed when that jurisdiction was invoked.

It is clear that the parties to a contract having an arbitration clause may waive it; and a party does so by failing to invoke it in the trial court when an action is commenced against him on the contract. *Geo. V. Nolte & Co. v. Pieler Constr. Co.* (1959), 54 Wn. (2d) 30, 337 P. (2d) 710; *McNeff v. Capistran* (1922), 120 Wash. 498, 208 Pac. 41.

See cases collected in Annotations 117 A. L. R. 301; 161 A. L. R. 1426.

The trial court's refusal to vacate the respondent's default judgment against the appellants is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and OTT, JJ., concur.

August 19, 1960. Petition for rehearing denied.