[No. 26658. Department Two. July 7, 1937.]

THE STATE OF WASHINGTON, *on the Relation of B. E. Schmidt, Respondent,* v. J. W. SULLIVAN *et al., Appellants.*[1]

[1]Reported in 69 P. (2d) 828.

 

*Ralph E. Foley* and *A. O. Colburn,* for appellant.

*Ed. Peirce* and *Danson, Lowe & Danson,* for respondent.

BEALS, J.—B. E. Schmidt, relator herein, being blind, instituted this action for the purpose of obtaining an order requiring the board of commissioners of Spokane county to pay him a pension, pursuant to chapter 102, Session Laws of 1933, p. 417, as amended by chapter 106, Session Laws of 1935, p. 259. In his complaint, relator alleged that, during the month of February, 1936, he filed his application for relief from Spokane county, alleging that he was over the age of seventy-nine years; that for more than twenty-four consecutive years he had been a bona fide resident of the state of Washington and of Spokane county; that his annual earnings were less than three hundred dollars; and that he had no income or means of support, as defined by the statute. Plaintiff alleged that his application contained other allegations bringing him within the purview of the acts referred to, but that the county commissioners, without affording relator a hearing, denied his application, basing this denial solely upon the ground that relator had not alleged that he was a citizen of the United States.

Defendants demurred to relator's complaint, and upon their demurrer being overruled, refused to plead further, whereupon relator moved for judgment in his favor, which motion the court granted. Findings of fact and conclusions of law were entered, followed by a judgment awarding him a pension as an indigent

blind person, and directing that a writ of mandate issue requiring defendants, as county commissioners, to enter an order allowing the pension. From this judgment, the commissioners have appealed.

Appellants contend that their demurrer to the complaint should have been sustained because the complaint contains no allegation to the effect that relator is a citizen of the United States. If it be held that such an allegation is essential, respondent's complaint must be held defective; if no such allegation be required, respondent's complaint, under the statute, states a cause of action.

Appellants also argue that the laws above referred to, providing for the payment of pensions to blind persons, are unconstitutional, in that the pensions therein provided for do not fall within the constitutional definition of "necessary support of the poor and infirm."

■ We shall first consider the argument against the constitutionality of the statute. Section 7, of art. VIII, of the constitution of the state of Washington, provides that

"No county . . . shall hereafter give any money . . . to or in aid of any individual . . . except for the necessary support of the poor and infirm, . . . "

Appellants contend that the existing laws providing for the payment of pensions to blind persons do not contemplate that, to be entitled to the benefit of the statute, an applicant must bring himself within the true intent of the constitutional phrase "necessary support of the poor and infirm." Chapter 102, Laws of 1933, p. 417, entitled, "An Act relating to indigent blind persons, providing funds for such purpose, and providing penalties," defines indigent blind persons as follows:

"Any such blind person who is without means of support, having no relatives whose legal duty it is to provide such support and maintenance and who by reason of such blindness is unable to earn a livelihood, shall be deemed an indigent blind person within the meaning of this act." Laws of 1933, § 2, p. 417.

By chapter 106, Laws of 1935, p. 259, the act above referred to was amended in several particulars, the later act providing that no blind person should be held ineligible to receive a pension if his earnings did not exceed three hundred dollars per year. Appellants argue that the statute, as now existing, contemplates the expenditure of county funds for the relief of blind persons to a greater extent than constitutes "necessary support of the poor and infirm," and that the law is therefore unconstitutional.

The act of 1935 provides for the payment of a pension in a sum not less than one hundred dollars per quarter, fixing no maximum amount. Appellants also argue that the county commissioners are thereby vested with a discretion which finds no support in law, and that for this reason the act should be held bad. If any board of county commissioners should direct the payment of a pension in an unreasonable amount, doubtless the courts would control any such arbitrary action, but it cannot be assumed that the statute will be so abused. Examination of the law convinces us that it does not transcend the constitutional authority to grant necessary support to the poor and infirm, and that the act does not violate the constitutional provision.

Appellants next contend that, although the law does not limit the beneficiaries thereof to citizens of the United States, this court should hold that such a statute granting public money to an individual in the form of a pension (not awarded for services rendered)

should be, in the absence of a provision specifically providing otherwise, construed as applying only to citizens of the United States.

By chapter 132, Laws of 1937, p. 489, the legislature provided for the creation within the department of social security of a "division for the blind," and again changed the requirements for eligibility for the receipt of a pension by a blind person, but it was not provided in this act that only citizens of the United States were eligible. Citizenship is a requisite to the receipt of benefits under chapter 29, Laws of 1933, p. 173, providing for "Old Age Pensions," and it is to be noted that the first act providing for the payment of pensions to the blind was passed by the same legislature which enacted the law just referred to.

Counsel for appellants also argue that, as the law does not specifically provide that continued residence in the state is necessary, an alien, after the award of a pension, may leave the state, go to some foreign country, and continue to receive his pension. Whether any person, having been awarded a pension, may leave the state and take up his residence elsewhere and still continue to enjoy the benefits of the act, is a question not now before us.

Manifestly, a law-abiding resident of the state, who is here lawfully and not subject to deportation, and who is without means and unable to provide for himself, should receive aid. Appellants admit that the rule of judicial construction for which they contend is new, and no authority in support of appellants' position is called to our attention. We are convinced that the question of whether or not the benefits of the statute now under consideration should be extended to alien residents of this state, or limited to such residents who are citizens of the United States, is strictly a legislative question. The act is clear and concise in its terms, and

we cannot, by judicial construction, read into the act, by judicial interpretation, a limitation which the legislature did not place therein.

The trial court directed that respondent be awarded a pension in a sum of not less than one hundred dollars per quarter, calculated from February 13, 1936 (the date relator filed his application), to the date of the judgment, and that he be awarded a pension as an indigent blind person of not less than one hundred dollars per quarter from the date of the judgment. Appellants argue that this judgment prevents them from investigating the status of relator between the date of his application and the date of the judgment, and prevents them from using their discretion in changing the amount of the pension or discontinuing the same, if they should determine that they should take such action, pursuant to the statute.

Appellants demurred to respondent's complaint, and when their demurrer was overruled, refused to plead further, thereby confessing the truth of the allegations pleaded by respondent. If respondent's complaint contained allegations which were not true, appellants should have answered the same and raised an issue of fact. Instead of doing this, they elected to stand upon the issue of law raised by their demurrer. They cannot now contend that they should be allowed to examine into the facts concerning respondent's condition up to the date of the judgment.

As the judgment provides that respondent shall have, from the date thereof, "a pension as an indigent blind person," this means no more than an award of the minimum pension payable under the statute. The provisions of the law providing for the exercise by the county commissioners, or any other statutory body, of their discretion as to the continuance of the pension, or any change in the amount thereof, apply to respond-

ent's pension, as to all others. In order that there may be no question on this point, the judgment appealed from will be modified by adding after the words, "and ordering the same paid," the following: *subject to the future control and direction vested by law in the board of county commissioners or in any other board or persons.*

Finding no error in the record, the judgment appealed from is affirmed as modified. Respondent will recover costs in this court.

STEINERT, C. J., MAIN, HOLCOMB, and ROBINSON, JJ., concur.