[No. 27560. Department Two. August 5, 1939.]

PEOPLES PARK AND AMUSEMENT ASSOCIATION, INC., *Appellant,* v. FLORENCE ANROONEY, *as Administratrix, et al., Respondents.*[1]

[1]Reported in 93 P. (2d) 362.

*Mark M. Litchman,* for appellant.

*A. A. Seijas* and *Ivan L. Hyland,* for respondents.

MILLARD, J.—Under the terms of a written contract executed June 10, 1933, plaintiff, a domestic non-profit corporation, leased certain real estate (People's Park, Renton Junction, King county) to Fred Anrooney for a period of ten years at a rental of seventy-five dollars monthly, payable in advance on the tenth day of each and every month during the period of the lease, and received from the lessee at the time of the execution of the lease one hundred and fifty dollars as the first and last months' rental. Under one of the provisions of the contract, the lessee was permitted to terminate the lease by giving a written notice to the lessor on or before the tenth day of any month, in which event the balance (seventy-five dollars) of the one hundred and fifty dollars paid at the time of the execution of the contract was to be applied in payment of the rental for the ensuing thirty days. It was further agreed that, if the lessee failed to pay the monthly rental of seventy-five dollars on or before the tenth day of any month, the lessor "may declare this lease forfeited," and the seventy-five dollars was to be applied in settlement of any rent then due and the balance held as liquidated damages for the lessee's breach of the contract.

The lessee accepted the buildings and grounds in their then present condition and agreed to furnish and pay for the water, light, and heat used by him. The lessee was further obligated under the lease to keep the buildings and grounds in a clean and sanitary condition, to use the leased premises in a lawful manner, and not permit any unlawful acts thereon. In the event of damage, by fire or otherwise, to the dance pavilion or other buildings covered by the lease in excess of ten per cent of the value of the buildings, the lessee was required to restore such buildings to their original condition at his own expense. If the lessee failed to signify, within ten days after such damage, his intention, by notice in writing to the lessor, to rebuild or restore the buildings, the lessor at its option could declare the lease terminated. The lessor was required to repair any buildings damaged by fire in an amount less than ten per cent of the value of such building; and the rental ceased during the time the lessor was making the repairs. Subject to approval of the lessor, the lessee was permitted to make alterations and improvements at his own expense to the dance pavilion. Any violation of the agreement rendered the "lease null and void."

For four years, the premises were maintained by the lessee as a park and dancing pavilion. Upon the death of the lessee, the widow, Florence Anrooney, was appointed and qualified as administratrix of the estate of her deceased husband. July 21, 1938, plaintiff gave written notice to the administratrix (who had sublet the premises to a tenant who was using the dancing pavilion for a skating rink) and to all parties interested in the estate, of cancellation of the lease between it and Fred Anrooney on the grounds that more than two months' rental was past due; that, contrary to the terms of the lease, the dancing pavilion was used for skating

rink purposes, and that the lessee had permitted animals to pasture on the grounds. In addition to the three foregoing reasons, the lessor advised in its notice of cancellation of the lease that the lease was void because it was indefinite as to time, in that the lessee can terminate the contract at any time, and there was no consideration for the lease for a longer period than a month to month tenancy.

One week subsequent to its notice of cancellation of the lease, the lessor brought this action, under the declaratory judgment act (Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§ 8108-21 to 8108-37], Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39), to secure a judgment declaring the lease invalid as a lease for a period of ten years; and that, if the lease be held valid for the ten-year period, it be declared cancelled by reason of the commission by the lessee's successors in interest of waste and two and one-half months' rental delinquency in violation of the covenant requiring payment of the stipulated rental monthly in advance.

The demurrer to the complaint upon the ground that same did not allege facts entitling plaintiff to relief under the declaratory judgment act was overruled. By their answer, defendants admitted execution of the lease and succession in interest to the rights of the lessee, but denied any breach of the lease.

The trial court found that the estate of the deceased lessee owes to plaintiff lessor one and one-half months' rental, which is an expense of administration in the probate of the estate of the deceased lessee; that lessee did not breach the lease by permitting skating in the dance pavilion; that the lease did not contain a restrictive covenant respecting the pasturing of animals on the grounds; and that no waste was committed on the premises. The trial court concluded that the lease was

a valid ten-year lease, and that promissory notes in the amount of $112.50, given in payment of rental for one and one-half months, are part of the expenses of administration to be paid in the settlement of the estate of the deceased lessee. Judgment accordingly was entered. Plaintiff appealed.

Counsel for appellant contends that the lease is invalid for a ten-year period, as it is a unilateral contract and lacks mutuality in that only the lessee may terminate the lease at any time and that the lessor has not the same privilege; and that there was a failure of consideration for the lease. If, argues counsel for appellant, the lease is valid, appellant is entitled to maintain the action for declaratory judgment to establish right to forfeit the lease and repossess the premises for default of the lessee in payment of rent and the lessee's commission of acts of waste—permitting animals to pasture on the grounds, etc.

In support of the contention that the lease is a tenancy at will, therefore cancellable at the will of the appellant, counsel for appellant quotes as follows:

"An express agreement to pay rent will not necessarily prevent a tenancy at will from being created." 16 R. C. L. 611.

Counsel for appellant further quotes the following to sustain his position that the agreement in the case at bar created nothing more than a tenancy at will:

" 'All leases for uncertain terms are *prima facie,* leases at will; . . .' . . . Where a lease for an indefinite time expressly provided that the lessee may terminate the agreement at any time . . . this has been held to create a tenancy at will, though a statute provided that no tenancy at will could be created except by express contract. It is a well settled and well known rule of law that a lease or estate which is at the will of one of the parties is equally at the will

of the other party. One of them is no more or no further bound than the other." 16 R. C. L. 612.

Section 1, p. 39, Laws of 1937 (Rem. Rev. Stat. (Sup.), § 784-1) of the declaratory judgment act provides that courts of record shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Section 2, p. 305, Laws of 1935 (Rem. Rev. Stat. (Sup.), § 784-2) of the act, so far as pertinent to this action, reads as follows:

"A person interested under a . . . written contract . . ., or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder."

The appellant was entitled to a declaratory judgment as to the validity of the lease. It does not follow, however, that the lessor may maintain an action for a declaratory judgment to establish its right to forfeit or cancel the lease and repossess the premises for default of the lessee, and his successors in interest, in payment of rent or for commission of waste on the premises.

The authorities uniformly hold that a lease for a definite term which contains a provision for its termination before the expiration of the term fixed at the option of either of the parties is not invalid, although it gives the lessor or the lessee alone the right to terminate the lease. The common law rule that an estate at the will of one party is equally at the will of the other is without application to a lease for a defined term, but which reserves to one of the parties an option to terminate it prior to the expiration of the term. 35 C. J. 1052; 16 R. C. L. 1113.

"Frequently the option is granted with the intention of its being exercised at the end of a specified period of tenancy, such as a month, quarter or a year and when such intention is manifest, the option must be exercised in relation thereto. The option may, however, authorize the termination of the lease at any time irrespective of the rental periods. Thus, under a provision that either party may terminate the lease by giving one month's notice to the other, it has been held that the required notice may be given at any time so as to terminate the lease at the expiration of one month therefrom, without regard to the stated periods when the rent is payable." 16 R. C. L. 1112.

The fact that a lease for a fixed period provides for its termination before the expiration of such period at the option of the lessor or the lessee alone will not prevent it from creating a valid term for years. 35 C. J. 972.

In the contract in the case at bar, the lessee promised to do something and pay certain money—which was paid—in exchange for which the lessor promised to lease the premises. The promise for a promise was sufficient to obligate both parties. *In re Tveekrem's Estate,* 169 Wash. 468, 14 P. (2d) 3.

In consideration of the execution of the contract, the lessee paid to the lessor one hundred and fifty dollars, covering the first and last months' rental under the lease.

The lease is valid and its terms are clear. The right of the lessor to terminate the lease on default of the lessee in payment of rent has not been challenged. If the lessee committed acts of waste and defaulted in payment of rent, the lessor has a full and complete remedy in an action in unlawful detainer. Rem. Rev. Stat., § 812 [P. C. § 7970].

A declaration will not be made as to the rights of parties to a contract, where it appears that the con-

troversy relates to acts which have already been committed and for the redress of which there exists an action at law. The proceeding for a declaratory judgment is not a substitute or alternative for the common law or statutory actions existing when the declaratory judgment act was adopted in this state. The act was not designed to supplant other remedies well established and working satisfactorily. *Farmers & Merchants Bank v. Billstein,* 283 N. W. (Minn.) 138.

In *Eiffel Realty & Inv. Co. v. Ohio Citizens Trust Co.,* 55 Ohio App. 1, 8 N. E. (2d) 470, it was held that a lessor is not entitled to maintain an action for a declaratory judgment to establish right to forfeit lease and repossess premises for default of lessee in payment of rent and taxes, in view of availability of adequate remedy in ejectment, the proceeding for a declaratory judgment not being a substitute or alternative for common law or statutory actions existing at the time of the adoption of the declaratory judgment act. In that case, the lessor sought a judgment under the uniform declaratory judgment act declaring the ninety-nine year lease in question terminated because of the default of the lessee in payment of rent and taxes at the time required by the lease; that the court declare that the lessor had the right to reenter the premises, and that the lessee be ordered to surrender possession of the premises to the lessor. The trial court refused to enter a declaratory judgment on the ground that the lessor had full and complete remedies in either an action in forcible entry and detainer or an action in ejectment. The court of appeals, in its opinion affirming the judgment of the trial court, said, after reviewing the authorities on the question whether a person having an adequate and complete remedy to accomplish the desired end can disregard it and ask for declaratory relief:

"If the plaintiff in this action can require from the courts a declaration such as it seeks, it is hard to conceive of a party who, having a cause of action of any kind, large or small, against another, might not ask a court of record to enter a declaratory judgment defining his rights. Thereby we would have parallel remedies, in part at least, in every civil cause of action, even though the older remedies are satisfactory and their use well settled. This would also result in multiplicity of actions, for, having secured such declaration, further proceedings would be necessary, as in the case at bar, to make the declaration of the court effective. Section 12102-8, General Code. Such was not the intent of the Legislature when the declaratory judgments law was enacted and the provisions for older remedies were not repealed."

The purpose of the declaratory judgment act is to declare rights rather than to execute them. It is not within contemplation of the act that, in the construction and interpretation of an instrument such as that now before us, the court should make a declaration whether the law is that the tenant is liable for waste and the contract forfeited because of the breach of some implied duty or whether the law is that the contract may be forfeited for default in payment of rent required under one of the covenants of the contract.

The judgment is affirmed.

BLAKE, C. J., STEINERT, SIMPSON, and GERAGHTY, JJ., concur.