[No. 29568. Department One. July 20, 1945.]

H. CHR. JACOBSEN, as Administrator, Appellant, v. KING COUNTY MEDICAL SERVICE CORPORATION et al., Respondents.[1]

Joseph Matsen and John P. Matsen, for appellant.

Riddell & Riddell, for respondent King County Medical Service Corporation.

Holman, Sprague & Allen and Elvin P. Carney, for respondent Boeing Aircraft Company.

[1]Reported in 160 P. (2d) 1019.

MILLARD, J.—Jens Hansen, an employee of defendant aircraft company, instituted this action to recover against King County Medical Service Corporation and Boeing Aircraft Company, two domestic corporations. Plaintiff alleged four alternative causes of action: (1) Breach of a contract to provide accident and health insurance; (2) breach of an agreement to provide hospital and medical care; (3) one for a declaratory judgment; and (4) one for wages claimed to have been unlawfully withheld. Defendants' demurrers to the complaint were sustained, and plaintiff was required to elect whether to sue on an oral or written contract.

In his second amended complaint—plaintiff elected to sue on an oral contract—Hansen alleged the existence of an oral contract under which defendants agreed to furnish him free medical, surgical, and hospital care for all accidents, injuries, and illness arising outside the course of his employment. Defendant aircraft company answered, denying the material allegations of the complaint, and as an affirmative defense pleaded the existence of a written contract between the aircraft company and the medical service corporation for and on behalf of the employees of the aircraft company, who, in writing, authorized a deduction from their pay of a stipulated monthly amount; that the aircraft company for and on behalf of its employees paid over to the medical service corporation the sums so deducted and that plaintiff Hansen, in writing, accepted the contract just described.

Hansen died following commencement of the action, whereupon H. Chr. Jacobsen, who qualified as administrator of estate of the deceased Hansen, was substituted as party plaintiff; and the action was tried upon the theory of breach by the defendants of an oral contract to provide medical and hospital services to Hansen on a prepayment basis. The cause was tried to the court, which sustained challenge to the sufficiency of plaintiff's evidence and entered judgment dismissing the action. Plaintiff appealed.

The evidence adduced at the trial established the fact of employment of Hansen by respondent aircraft company and the withholding by that employer of $1.50 monthly for two

months and $1.75 one month, or a total of $4.75 from Hansen's wages, and payment of same to respondent medical service corporation. Hansen required medical care and hospitalization. He was given medical care, but respondents refused to pay the cost of that care.

There is nothing in the record establishing the existence of a contract between the aircraft company and Hansen under which the former agreed to provide medical care for the latter. A prospectus of respondent medical service corporation is in evidence and a card authorizing the aircraft company to deduct a stipulated amount monthly from the employee's wages for the medical service corporation. The prospectus states that it is not a contract and that certain types of illness under the title "exceptions" are not covered. The name of the aircraft company does not appear in the prospectus.

Appellant called as a witness the medical director of the King County Medical Service Bureau, who testified that the medical and hospital bills of Hansen were not paid because his illness was the result of preexisting conditions specifically excluded by the contract.

There is an entire failure of proof of the existence and terms of any contract written or unwritten providing for free medical care by respondents of Hansen. The only evidence offered to prove an agreement between Hansen and respondents was the card authorizing the aircraft company to deduct a stipulated amount monthly from Hansen's wages for King County Medical Service Corporation, the above-described prospectus of the medical service corporation, the testimony of the medical director of King County Medical Service Bureau that there was a contract between respondents, and that a portion of Hansen's wages were withheld.

There is evidence that the medical director of King County Medical Service Bureau, acting under some kind of contract, decided that the nature of Hansen's illness was such that it was not embraced within the terms of the contract. On respondents' cross-examination of the medical director of King County Medical Service Bureau, the court

sustained appellant's objection to the introduction of the written contract, which was pleaded affirmatively in respondents' answers.

The evidence on behalf of appellant discloses that the aircraft company was not required in any event to provide medical care, but that the medical care was to be provided by the physician and hospital members of King County Medical Service Corporation. The only capacity in which the aircraft company was to act was that of an agent to withhold wages in a stipulated amount monthly as authorized in writing by the individual employee and then to transmit the funds so withheld to King County Medical Service Corporation. We find no evidence that the aircraft company did not fully discharge its duty.

There is no evidence of an agreement between Hansen and respondent medical service corporation. The latter admitted a legal relationship between itself and Hansen based upon a written contract, under which it contended the nature of Hansen's illness was such that it was not covered by the contract. Appellant refused to permit proof of the terms of the written contract, and failed to prove breach by respondents of an oral contract to provide medical and hospital services to Hansen.

That the trial court did not err in sustaining respondents' demurrers and motions, needs no citation of sustaining authority. The declaratory judgment statute may not be invoked where, as in the case at bar, an alleged breach of contract had occurred, as the rights of the parties were then fixed. The redress by action for breach of contract was sufficient, as that action was adequate for determination therein of all questions that could be raised under the provisions of the declaratory judgment statute. *Peoples Park & Amusement Ass'n v. Anrooney,* 200 Wash. 51, 93 P. (2d) 362.

That the other alleged causes of action were inconsistent, is clear. The trial court was correct in requiring appellant to elect whether to sue on an oral or on a written contract.

Appellant failed to sustain the burden of proof of breach by respondents of either an oral or a written contract requiring respondents to provide medical and hospital service to Hansen.

The judgment is affirmed.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.