[No. 31361. Department One. July 31, 1950.]

WILLIAM J. HAWK *et al., Respondents,* v. ALBERT A. MAYER *et al., Appellants.*[1]

[1]Reported in 220 P. (2d) 885.

*Simmons & McCann*, for appellants.

*Hile, Hoof & Shucklin* and *Irving Clark, Jr.*, for respondents.

DONWORTH, J.—This action was instituted by twenty-four plaintiffs pursuant to the uniform declaratory judgment act of the state of Washington, Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P.P.C. §§ 65-1 to 65-33], inclusive, for the purpose of seeking adjudication as to their rights and status arising out of certain contracts, both oral and written, entered into with the defendants. In the prayer of their complaint plaintiffs prayed for coercive relief in addition to declarative relief.

Defendants filed an answer denying the principal allegations of the complaint and affirmatively alleging facts creating an estoppel. Plaintiffs denied this affirmative matter in their reply.

When the case was called for trial, defendants interposed a demurrer to plaintiffs' complaint upon the ground that it failed to state a cause of action. The trial court overruled the demurrer, and the defendants elected to stand upon their demurrer. Subsequently, upon due notice to defendants, the trial court, over the written objection of defendants

and without any witness being sworn or any evidence introduced, entered findings of fact, conclusions of law, and judgment in favor of the plaintiffs. This judgment declared the relationship of the parties to be that of principals and agents, but gave plaintiffs no coercive relief. The defendants have appealed.

The facts alleged in the complaint may be summarized as follows: The respondents at all times material to this controversy were the tenants at the Wilana Apartments, an apartment house located in Seattle, Washington. Albert A. Mayer and R. D. Tembreull (herein called appellants) were "promoters of an alleged non-profit cooperative apartment house corporation." Between the dates of July 15, 1946, and February 8, 1948, respondents entered into separate stock purchase agreements with appellants pursuant to which they made certain initial payments. Under the terms of the agreements, respondents were to become purchasers of certain stock certificates (representing shares of stock in the corporation to be organized by appellants) which would entitle them to the occupancy of a certain designated numbered apartment in the Wilana Apartments under a ninety-nine year lease.

On March 24, 1947, the appellants contracted in writing with Martin T. Byrne, one of the respondents, for the purchase of the land and building above described, on behalf of the corporation to be formed, for the sum of $65,000, making a down payment of $7,500 with funds collected from the respondents and other tenants under their stock purchase agreements. The appellants filed the articles of incorporation of the appellant Wilana Apartments, Inc., with the King county auditor on March 26, 1948.

During this period, appellants represented to various of the respondents that they would make certain renovations and repairs as to the apartment house. They also represented to one of the respondents that they had paid $100,000 for the apartment property and would profit on the sale to the Wilana Apartments, Inc., no more than one-half of one per cent thereof, and that all sums involved were to be held in escrow until all contracts were fulfilled. These rep-

resentations and certain others stated in the complaint were made as part of the consideration for the respondents entering into their stock purchase agreements. The appellants never lived up to or abided by these representations.

The appellants have sought to collect from respondent tenants and prospective tenants sums aggregating approximately $88,800, which, together with $2,950 (being the value of the basement apartment not to be sold), represents approximately forty per cent more than the price for which the appellants (on behalf of the corporation to be formed) contracted to purchase the premises from Byrne.

Paragraph X of the complaint alleges:

"That plaintiffs are entitled to have their rights in the oral and written contracts hereinabove referred to and described declared in this action so that their status as tenants in and owners of their respective apartments may be clarified and definitely established, and the total sums to be paid by them under their respective stock purchase agreements may be made definite and certain."

In their prayer, the respondents asked that the court declare appellants to be promoters and agents of respondents for the purpose of procuring the apartment house property for them at a reasonable cost. Respondents also asked for the following coercive relief: (a) that appellants be required to deliver the stock certificates to respondents and deliver title to the property to the corporation; (b) that appellants be required to repair the roof of the building or pay respondents five hundred dollars damages; and (c) that appellants be required to make a detailed accounting of all their financial transactions regarding the purchase, maintenance, and sale of the property.

The trial court in its judgment declared that appellants were the promoters of Wilana Apartments, Inc., and that, as agents of the respondents, they owed a fiduciary duty to them to purchase for, and turn over to, respondents and the corporation the real property described in the judgment. The trial court denied any coercive relief.

Appellants have made two assignments of error: first, that the trial court erred in its refusal to sustain appellants'

demurrer to the complaint, and, second, that the trial court erred in entering findings of fact, conclusions of law, and judgment without adjudging appellants in default or taking any evidence in the cause.

■ Considering the second assignment above noted, we are of the opinion that it is well taken. Under Rem. Rev. Stat., § 411, subd. 2 [P.P.C. § 66-1], it was the duty of the trial court to hear evidence before entering its findings and judgment.

In the very recent case of *Paine-Gallucci v. Anderson*, 35 Wn. (2d) 312, 212 P. (2d) 805, the trial court, in an action for the foreclosure of a lien and for general relief, made findings of fact without taking any evidence in support thereof. The court then entered a decree establishing and foreclosing the plaintiff's lien and reforming the contract between the parties. In reversing this decree and remanding the case to the trial court with instructions to vacate the findings and decree, we said:

"For the reasons above stated, the findings of fact, conclusions of law, and decree must be vacated and set aside as prematurely entered, without notice to appellant, *and for the further reason that they were entered without the taking of any evidence on behalf of respondent. Ferguson v. Hoshi*, 25 Wash. 664, 66 Pac. 105; *Skidmore v. Pacific Creditors*, 18 Wn. (2d) 157, 138 P. (2d) 664." (Italics ours.)

This same rule has been applied to a declaratory judgment action. In *Taylor v. State*, 29 Wn. (2d) 638, 188 P. (2d) 671, a corporation was seeking a declaratory judgment as to its status with reference to compliance with a special statute. In holding that the burden was upon the corporation to produce evidence to support the declaratory judgment sought, this court said:

"Respondents have asked the court to put *its* stamp of approval on their purported compliance with a special statute. Even had there been no appearance by the appellants in the court below, a default declaratory judgment could not have been secured without offering sufficient evidence to support it."

■ Respondents argue that, when appellants elected to stand on their demurrer (when it was overruled), they

thereby confessed the truth of the allegations of respondents' complaint. In support of their argument, respondents rely on *State ex rel. Schmidt v. Sullivan*, 190 Wash. 600, 69 P. (2d) 828.

In that case, the judgment recited that "the court having considered the evidence and having made its findings of fact and conclusions of law and ordered the same filed it, therefore, is ordered and adjudged . . ." We must, therefore, presume that evidence was taken prior to entering the findings.

In the present case, appellants, after electing to stand on their demurrer, filed a written protest objecting to the entry of the findings and judgment on the ground that to do so "would be contrary to law and the practice of this court." The findings of fact were prefaced with the following recital:

"This matter having come on for trial before the undersigned Judge of the above entitled court upon the 22nd day of November, 1949, plaintiffs appearing in person and by Hile, Hoof & Shucklin and Gerald Shucklin and Irving Clark, Jr., of counsel, and defendants appearing in person and by Simmons and McCann and J. Lael Simmons, of counsel, and the defendants having interposed at the trial an oral demurrer to the complaint of plaintiffs, and the court having overruled said demurrer and having heretofore entered its order in writing to that effect, and defendants having elected to stand upon their demurrer and having given oral notice of appeal from the order of the court overruling their said demurrer, and the court having examined the files and records herein and being otherwise fully advised in the premises; now, therefore, makes the following:"

Assuming that appellants, by electing to stand on their demurrer, waived their right to contest the questions of fact put in issue by their answer, nevertheless, they did not admit the allegations of the complaint for the purpose of confessing judgment, nor did they consent to the entry of the findings and the judgment without the taking of any evidence.

Even if appellants had been adjudged in default after proper notice to them, the trial court under Rem. Rev.

Stat., § 411, subd. 2, would be required to hear evidence before it could enter a judgment.

In passing upon the question of whether the complaint states a cause of action (first assignment of error), we must have in mind certain provisions of the uniform declaratory judgment act of this state, Rem. Rev. Stat. (Sup.), § 784-1 to § 784-17:

"Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." Rem. Rev. Stat., (Sup.), § 784-1.

"A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." Rem. Rev. Stat. (Sup.), § 784-2.

"A contract may be construed either before or after there has been a breach thereof." Rem. Rev. Stat. (Sup.), § 784-3.

"This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." Rem. Rev. Stat. (Sup.), § 784-12.

Appellants argue that respondents have sought remedies relating entirely to acts which had already been committed and for the redress of which there existed other well-established and satisfactory remedies. In support of their contention that the trial court incorrectly held that the complaint stated a cause of action for declaratory relief, appellants have cited *Peoples Park & Amusement Ass'n v. Anrooney*, 200 Wash. 51, 93 P. (2d) 362, and *Jacobsen v. King County Medical Service Corp.*, 23 Wn. (2d) 324, 160 P. (2d) 1019.

In the *Anrooney* case, *supra*, a lessor asked for a declaratory judgment declaring that the lease was invalid or, if not invalid, that it was properly canceled because of certain actions of the lessee. This court held that the lessor was entitled to a declaratory judgment as to the validity of the lease. However, as to the right to a judgment declaring the lease properly canceled by reason of the lessee's actions, the court, in refusing to grant such relief, stated:

"A declaration will not be made as to the rights of parties to a contract, where it appears that the controversy relates to acts which have already been committed and for the redress of which there exists an action at law. The proceeding for a declaratory judgment is not a substitute or alternative for the common law or statutory actions existing when the declaratory judgment act was adopted in this state. The act was not designed to supplant other remedies well established and working satisfactorily. *Farmers & Merchants Bank v. Billstein,* 283 N. W. ([204] Minn. [224]) 138.

"The purpose of the declaratory judgment act is to declare rights rather than to execute them. It is not within contemplation of the act that, in the construction and interpretation of an instrument such as that now before us, the court should make a declaration whether the law is that the tenant is liable for waste and the contract forfeited because of the breach of some implied duty or whether the law is that the contract may be forfeited for default in payment of rent required under one of the covenants of the contract."

A more recent expression of this view was stated in the *Jacobsen* case, *supra*, as follows:

"That the trial court did not err in sustaining respondents' demurrers and motions, needs no citation of sustaining authority. The declaratory judgment statute may not be invoked where, as in the case at bar, an alleged breach of contract had occurred, as the rights of the parties were then fixed. The redress by action for breach of contract was sufficient, as that action was adequate for determination therein of all questions that could be raised under the provisions of the declaratory judgment statute."

See, also, *Conaway v. Time Oil Co.*, 34 Wn. (2d) 884, 210 P. (2d) 1012.

This court, in *Trinity Universal Ins. Co. v. Willrich*, 13 Wn. (2d) 263, 124 P. (2d) 950, 142 A. L. R. 1, distinguished the *Anrooney* case, using the following language:

"A second question for our determination is raised by appellant's contention that our holding in *Peoples Park & Amusement Ass'n v. Anrooney*, 200 Wash. 51, 93 P. (2d) 362, is applicable here. That case held that a lessor may maintain an action under the declaratory judgments law to determine the validity of a lease, but that he may not invoke a declaration as to the rights of parties to a contract where the controversy relates to acts which have already been committed and for the redress of which there exist other well-established and satisfactory remedies. The qualification imposed by the latter statement does not apply here, for the reason that any other remedy which respondent herein might have had would have been circuitous and far from satisfactory. If appellants had been permitted to proceed with their damage action and had obtained judgment against Willrich, they would then probably have instituted suit against respondent to recover from it the amount of their judgment against Willrich, the insured. Respondent would therefore have been required to defend not only the tort action against Willrich, but the subsequent suit against itself as well. Under such circumstances it would not have had a satisfactory remedy for the assertion of its claim that it was no longer liable on the insurance policy previously issued to Willrich."

■■ By its decisions in the *Anrooney*, *Jacobsen*, and *Trinity* cases, *supra*, this court has limited the operation of the uniform declaratory judgment act to cases where there is no satisfactory remedy at law available. We are of the opinion that the present case falls within this rule, and that the well-established remedies available to respondents would have been circuitous and far from satisfactory.

Here twenty-four tenants of this apartment house had a common plan for the acquisition of the property by a non-profit co-operative corporation which would lease to each of them a certain apartment for ninety-nine years. For this purpose, they entered into certain stock purchase agreements with appellants pursuant to which they had made partial payment of the purchase price.

We need not mention all of the possible actions to which respondents might have to resort in order to obtain complete relief. Perhaps twenty-four equitable actions for specific performance of the stock purchase agreements might be necessary, and these actions might be followed by another brought by or on behalf of the corporation to compel appellants to assign the real-estate contract to it or to convey the premises to it. It can hardly be said that these actions afford respondents a satisfactory remedy for the alleged wrongful acts of appellants. We, therefore, hold that the complaint stated a cause of action under the uniform declaratory judgment act, and that appellants' demurrer was properly overruled by the trial court.

Because of the entry of the findings, conclusions, and judgment without the taking of any evidence, the judgment is reversed and the cause remanded to the superior court, with instructions to vacate the judgment, together with the findings of fact and conclusions of law upon which it is based. Thereafter, the superior court may proceed to a determination of this controversy in a manner consistent with this opinion and enter such findings, conclusions, and judgment as it deems proper after considering such material evidence as may be produced.

BEALS, SCHWELLENBACH, HAMLEY, and GRADY, JJ., concur.