MERCER INTERNATIONAL, INC., a Massachusetts trust organized under the laws of the State of Washington, Plaintiff,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, an insurer authorized by the Washington Insurance Commissioner, Defendant.

No. C96–824D.

United States District Court,
W.D. Washington.

Aug. 14, 1996.

Thomas Fitzgerald Ahearne, Rodger Ian Kohn, Foster Pepper & Shefelman, Seattle, WA, for plaintiff.

Douglas G. Houser, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, Jose Dino Vasquez, Bullivant, Houser, Bailey, Pendergross & Hoffman, Seattle, WA, for defendant.

ORDER GRANTING IN PART PL'S MOTIONS TO STRIKE AND DENYING PL'S MOTION FOR REMAND AND DEF'S MOTION FOR APPRAISAL

DIMMICK, Chief Judge.

THIS MATTER is before the Court on the following motions listed in order of filing:

1. Defendant's Motion to Compel Appraisal & Stay Pending Appraisal;

2. Plaintiff's Motion to Strike False Statement in Defendant's Removal Papers;

3. Plaintiff's Motion to Remand; and

4. Plaintiff's Motion to Strike Defendant's Reply Brief Dated 6/20/96.

All these motions were renoted on the Court's calendar for July 5, 1996 because of their interrelationship.

A threshold issue is whether the case should be remanded to state court, thereby obviating the motion for appraisal. After full consideration of the briefs and affidavits filed by counsel, the Court concludes that the case should not be remanded; [1] but that defendant's motion for appraisal should be denied.

This is a dispute over the meaning of language in an insurance policy. Coverage is not at issue, but plaintiff Mercer International, Inc. ("Mercer") disputes the amount offered by defendant insurance company, United States Fidelity and Guaranty Company ("USF & G"), for a fire loss occurring on July 15, 1995 in Mercer's vacant building in Bellevue, Washington.

Plaintiff Mercer has designated its complaint as a "declaratory judgment complaint" filed under RCW 7.24—the Washington Declaratory Judgment Act. According to the complaint, defendant USF & G has proffered a check for $126,924.44 to cover the "actual cash value" of a vacant building partially destroyed by fire. Plaintiff's complaint asserts two claims: first, for declaratory judgment which includes alternatives either entitling plaintiff to $400,000 for agreed value amount or $229,674.73 for cost of repairs. Complaint at 18. Within this first claim is

---

1. Although oral argument was requested on defendant's motion, the thoroughness of the briefs makes it unnecessary.

also included damages, including attorneys' fees, estimated to be over $311,000 as of April 29, 1996. Second, is a Washington Consumer Protection Act claim.

As an initial matter, the Court addresses plaintiff's motions to strike, then the motion to remand.

## MOTIONS TO STRIKE

Plaintiff's motions to strike are granted to the extent of correcting omissions from the documents submitted by defendant. Defendant's overlength brief of June 20, 1996, from pages 6 to 12 merely repeats the arguments the defendant presented in opposition to remand, and therefore will not be stricken; the Court has disregarded any inaccurate or inappropriate statements and cautions both sides against hyperbole.

## MOTION TO REMAND

The basic issue on plaintiff's motion to remand follows: Whether a federal district court has discretion to refuse jurisdiction over a case brought in state court and designated as one for declaratory judgment, but which asserts monetary claims pursuant to the insurance contract and for extensive damage claims, where diversity jurisdiction exists? Remand to the state court is required if at any time the Court determines that it does not have jurisdiction. 28 U.S.C. § 1447.

Jurisdiction pursuant to diversity is not contested in this case, however. The parties are diverse, and the amount in controversy is over $50,000, 28 U.S.C. § 1332. But plaintiff insists that remand is required, relying on several Ninth Circuit cases which have "declined" to hear declaratory judgment actions brought by insurers. These cases will be discussed later and distinguished.

Defendant argues that the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–2202, does not confer jurisdiction, but rather gives the federal court access to a remedy. It creates a cause of action for an individual who has not yet been injured, but anticipates possible liability. Defendant then argues that the Ninth Circuit cases on which plaintiff relies can be distinguished on the basis that they were brought by insurers, not the insured.

A careful reading of the complaint convinces the Court that what plaintiff has designated as a claim for declaratory judgment (equitable remedy) is in reality a claim of damages (legal remedy), pursuant to an insurance contract. As such, this Court cannot decline jurisdiction.

The federal Declaratory Judgment Act, 28 U.S.C. § 2201–2202, is titled, "Creation of a Remedy" at § 2201 and provides in pertinent part as follows:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[2]

As the United States Supreme Court has explained, "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of right; it did not impose a duty to do so." *Public Affairs Associates v. Vice Admiral Hyman G. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962). In a concurring opinion in the *Rickover* case, Justice Douglas explained that the authorization under the DJA relates to constitutional "cases" and "controversies" and relates to the "ripeness" of an issue for judicial review. *Id.* at 115, 82 S.Ct. at 583. As another court explained it, the DJA provides

> a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of

---

2. RCW 7.24 provides essentially the same thing, and neither party refers to or distinguishes the state statute. It is interesting that an old Washington case also states that the DJA is limited "to cases where there is not satisfactory remedy at law available." *Hawk v. Mayer*, 36 Wash.2d 858, 866, 220 P.2d 885 (1950).

the rights or a disturbance of the relationships.

*Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937), *quoted in Beacon Const. Co., Inc. v. Matco Electric Co., Inc.*, 521 F.2d 392, 397 (2d Cir.1975). A request for declaratory judgment thus seeks a determination in anticipation of an injury. Not surprisingly, insurance companies frequently seek declaratory judgment in order to determine whether they may be liable on an insurance policy.

It has also been established that even though a district court has subject matter jurisdiction over an action for declaratory judgment, it is within its discretion to dismiss, remand, or stay the action. *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

> We have repeatedly characterized the Declaratory Judgment Act as "an enabling Act which confers a discretion on the courts rather than an absolute right upon litigant."

515 U.S. at ——, 115 S.Ct. at 2143, 132 L.Ed.2d at 223, quoting *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952).

In a very recent case, the Supreme Court further explained the rationale for the district court's discretion on the basis of the remedy sought—equitable or discretionary relief as opposed to an action for damages. *Quackenbush v. Allstate Insurance Co.*, —— U.S. ——, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

> We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.

*Id.* at ——, 116 S.Ct. at 1723. The *Quackenbush* Court repeated that a federal court has discretion to refuse to hear a DJA action even though it otherwise has jurisdiction. *Id.* at ——, 116 S.Ct. at 1722. In an action for damages, however, a federal court may stay a case, but may not dismiss or remand. *Id.* at ——, 116 S.Ct. at 1722. This case gives a full explanation of various abstention doctrines—none of which are applicable here.

Plaintiff relies on a trio of recent Ninth Circuit Court of Appeals' opinions which appear to establish almost a per se rule: a declaratory judgment action brought by an insurance company will be dismissed or remanded. *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir.1995); *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012 (9th Cir.1995); *Continental Casualty Co. v. Robsac Industries*, 947 F.2d 1367 (9th Cir.1991). Each of these cases was brought by an insurer under diversity jurisdiction, seeking a remedy under the DJA, and in each instance the court held that the federal court should not exercise its discretion to hear the case. However, even in the most recent case, the Court of Appeals recognized that it cannot decline an action for damages; but requesting defense costs did not elevate this action to one for damages:

> [W]e do not agree with ERC's contention that simply asking for a share of the defense costs to date transforms a declaratory relief action over which jurisdiction is discretionary into a case which the district court is obliged to hear.

*Karussos*, 65 F.3d at 801. Also relevant to the Ninth Circuit in all three of these cases was the fact that a parallel state action was pending at the time the DJA was filed in federal court.

Following the dictates of *Quackenbush*, this Court concludes that it must take the present case under its diversity jurisdiction. Plaintiff's claim may be designated as a request for declaratory judgment, but it more accurately would have been designated as a claim for breach of contract, seeking monetary damages under the contract. That is, plaintiff has a cause of action without the remedy provided in the DJA; whereas if the insurance company had brought the case, it would have had to rely on the DJA. Plaintiff

seeks a legal remedy and this Court cannot decline jurisdiction.

## MOTION TO COMPEL APPRAISAL

Defendant moves pursuant to the policy to compel an appraisal, and to stay proceedings pending appraisal. Defendant's request is late in coming—nearly a year after the fire loss. In any event, an appraisal now would be useless—where the controversy between insurer and insured is over terms in the contract. These terms would set the parameters for an appraisal. *See, e.g., Nat'l Fire Ins. Co. of Hartford v. Solomon,* 96 Wash.2d 763, 638 P.2d 1259 (1982) (affirming trial court's denial of motion for appraisal where construction of contract terms at issue). Therefore, USF & G's motion is DENIED.

Therefore, in summary, plaintiff's motion for remand is DENIED; plaintiff's motions to strike are GRANTED IN PART; and defendant's motion for appraisal is DENIED.

The Clerk of the Court is directed to send copies of this Order to all counsel of record.