# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PATRICK A. T. JONES, individually
and as assignee of all right, title, and
interest of the chose in action of
PETER POWELL,

                Appellants,

           v.

WASHINGTON STATE DEPARTMENT
OF TRANSPORTATION,
WASHINGTON STATE DEPARTMENT
OF ECOLOGY, and THE TOWN OF
HUNTS POINT, a municipality,

                Respondent.

No. 68532-5-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 29, 2013

GROSSE, J. — Under the Shoreline Management Act of 1971,[1] interested parties wishing to appeal the issuance of a permit must do so within 21 days from the date the Washington State Department of Ecology (Ecology) notifies an applicant that it has approved a permit issued by a town. Notice of a shoreline permit decision by e-mail, receipt of which is acknowledged by the applicant, here the Washington State Department of Transportation (WSDOT), is an acceptable means of transmittal that triggers the timeframe within which to appeal the permit.

WSDOT applied to the town of Hunts Point for two shoreline permits for construction work on the HOV (high-occupancy vehicle lane) project for State

---

[1] Chapter 90.58 RCW.

Route 520.[2] The town granted the permits pending approval from Ecology. Ecology issued two separate permit letters dated February 15, 2011, approving the use permit with additional conditions and acknowledging receipt of the development permit. Ecology sent the letters by e-mail to WSDOT and to Hunts Point Town Planner Mona Green's personal e-mail. WSDOT acknowledged receipt of the permits that same day. The town notified interested parties on February 24.

On March 14, 2011, Patrick Jones individually and as the assignee of Peter Powell (collectively Jones) and the Fairweather Basin Boat Club, Inc. filed separate appeals with the Shorelines Hearings Board. The Board consolidated those appeals. The Board found it was without jurisdiction because the petitions for review were untimely as they were filed more than 21 days after WSDOT received the permit letters from Ecology. Former RCW 90.58.140(6) (2010) provides that appeals shall be taken within 21 days of receipt of the decision by the applicant or the local government. Fairweather and Jones separately appealed to the superior court. Two different judges upheld the Board's decision that the appeal was untimely. Only Jones appeals to this court.

The Shoreline Management Act of 1971 (SMA) sets forth the time period for an appeal of development and conditional use permits. Former RCW 90.58.180(1) (2010) provides:

> Any person aggrieved by the granting, denying, or rescinding of a permit on shorelines of the state pursuant to RCW 90.58.140 may,

---

[2] Shoreline Substantial Development Permit (development permit) and Shoreline Conditional Use Permit (use permit) approved by Hunts Point on February 2, 2011.

except as otherwise provided in chapter 43.21L RCW, seek review from the shorelines hearings board by filing a petition for review within twenty-one days of the date of receipt of the decision as provided for in [former] RCW 90.58.140(6).

Former RCW 90.58.140(6) (2010) states:

With regard to a [shoreline substantial development] permit, other than a permit governed by subsection (10) of this section, "date of receipt" as used herein refers to the date that the applicant receives written notice from the department that the department has received the decision. With regard to a permit for a variance or a conditional use, "date of receipt" means the date a local government or applicant receives the written decision of the department rendered on the permit pursuant to subsection (10) of this section. For the purposes of this subsection, the term "date of receipt" has the same meaning as provided in RCW 43.21B.001.

RCW 43.21B.001(2) defines "date of receipt" as

(a) Five business days after the date of mailing; or
(b) The date of actual receipt, when the actual receipt date can be proven by a preponderance of the evidence. The recipient's sworn affidavit or declaration indicating the date of receipt, which is unchallenged by the agency, shall constitute sufficient evidence of actual receipt. The date of actual receipt, however, may not exceed forty-five days from the date of mailing.

The evidence is undisputed. WSDOT, the project's applicant, received both permit letters on February 15, 2011 by e-mail. Thus, February 15, 2011 is the "date of receipt." Accordingly, Jones had to file his petition for review within 21 days, that is, by March 8, 2011, to be timely.

Jones argues that delivery by e-mail was not an acceptable method of delivery. Jones relies on superior court civil rules, the Administrative Procedures Act, chapter 34.05 RCW, and the Board's rules of process that require service by mail, absent an express agreement from the recipient. However, Jones misreads RCW 43.21B.001 as requiring mail as the exclusive means of transmitting a

3

shoreline permit decision. That statute merely provides two alternative ways of determining the date of receipt, one of which is when the decision was mailed, and the other is when the decision was actually received. WSDOT submitted a declaration that it had received the two permit decisions on February 15, 2011.

Jones also argues that the receipt could not have occurred at that time because the e-mails were sent after 5:00 p.m. Assuming that state workers are not permitted to accept items after close of business to the public, the date of receipt would then be February 16 and Jones' petition is still untimely as it would have had to be filed by March 9, 2011.

Jones next argues that Green was not the town administrator and therefore not the appropriate person to receive transmittal of the decisions for the town and, further, that the e-mail was sent after hours and to Green's personal e-mail address rather than her "official" e-mail address at the town. But that is immaterial because former RCW 90.58.140(6) states that the appeal period begins to run on receipt by the local government or the applicant. Thus, under the statute, the appeal period began to run when the applicant, WSDOT, actually received the approval permits from Ecology on February 15, 2011 and ended 21 days later on March 8, 2011.

Nor is there any merit to Jones' argument that the dismissal of his appeal is unfair and contrary to the purposes of the SMA and that the doctrine of equitable tolling should be applied so that the appeal can go forward.

To establish equitable tolling, there must be evidence of bad faith, deception, or false assurances by the defendant and the exercise of diligence by

the plaintiff.[3] None of those factors are present here. Ecology communicated its decision by e-mail to the applicant and local government on the same day. WSDOT's reliance on the local government to communicate the decision to Jones is not evidence of bad faith. The administrative code, WAC 173-27-200(3), requires local government to provide timely notice of Ecology's decision to interested persons. Jones received notice from the town on February 24, 2011. He was aware of the hearings and, in fact, Peter Powell testified at the initial hearing on December 1, 2010.

In view of our holding that the action is time-barred, we need not decide whether Jones' claims were also barred by the doctrine of collateral estoppel.

Affirmed.

WE CONCUR:

---

[3] Thompson v. Wilson, 142 Wn. App. 803, 814, 175 P.3d 1149 (2008).